In re CHURCH BUILDINGS AND INTE-RIORS, INC., aka CBI, Debtor.

Thad H. SEELEY, Plaintiff,

v.

CHURCH BUILDINGS AND INTERI-ORS, INC., aka CBI, Defendant,

Republic Bank, Defendant.

Bankruptcy No. BK–81–00785.

Adv. No. 81–096.

United States Bankruptcy Court,
W. D. Oklahoma.

Sept. 16, 1981.

Don R. Nicholson, Oklahoma City, Okl., for defendant Republic Bank.

Roger O. Housley, Norman, Okl., for plaintiff Thad H. Seeley.

## MEMORANDUM ORDER

ROBERT L. BERRY, Bankruptcy Judge.

### Statement of the Case

On April 23, 1981, Thad H. Seeley, a judgment creditor of the defendant-debtor CBI and plaintiff herein, filed an involuntary bankruptcy petition against CBI. In his petition Seeley alleged that certain transfers of security interests from CBI to the Republic Bank, codefendant herein, were preferential. On April 24, 1981, Seeley filed a complaint seeking relief from the automatic stay provisions of 11 U.S.C. § 362 to allow the continuance of a pending state court garnishment action against Republic Bank.

On June 30, 1981, a hearing was held on both the involuntary petition and complaint. At that time it was agreed by the parties that an order for relief should be entered and that the preferential transfer issue would be tried by this Court. The parties then presented their evidence and arguments. At the close of the hearing this Court took the matter under advisement and invited briefs.

### Facts

On June 20, 1980, CBI obtained a business loan from the Republic Bank in the amount

of $40,000.00. As security for the loan William Vinyard, Secretary of CBI, and Ronald Priddy, Vice President of CBI, served as guarantors. Each of these guarantors had sufficient net worth to satisfy the debt.

On January 22, 1981, the bank released the guarantors in exchange for a security agreement from CBI which granted the bank a security interest in all of CBI's tangible and intangible property including accounts receivable and proceeds therefrom. This security interest was duly perfected in accordance with applicable law on January 26, 1981.

The bank now contends that CBI is in default and claims principle and interest in the amount of $30,043.19 as of March 18, 1981.

*Law*

Plaintiff Seeley takes the position that CBI's transfer of a security interest in all of its property to the bank in exchange for the bank's release of the guarantors was preferential and avoidable under the provisions of 11 U.S.C. § 547. 11 U.S.C. § 547(b) provides:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

Plaintiff contends that all of the elements of the above quoted subsection have been met. As to the first element, plaintiff states in his brief, "The transfer must be to or for the benefit of a creditor, and in this instance the creditor was Republic Bank." While this statement is correct insofar as it goes, it must also be remembered that the guarantors were benefited by this transfer since the result of the transfer was their release by the bank. See *Pennington v. Leff*, 183 F.Supp. 884 (S.D.Ala.1959). As stated in 4 *Collier on Bankruptcy* § 547.18 (15th Ed. 1981):

"A guarantor or surety for the debtor, or an endorser of his notes or checks, will be a creditor under the Code because he will hold a contingent claim against the debtor that becomes fixed when he pays the creditor whose claim he has guaranteed or insured. Consequently, any transfer of property made by a debtor to or for the benefit of an endorser, guarantor or surety, may constitute a preference. Accordingly, any payment made by the debtor-maker to the holder of his notes may be a preference to the endorser, even though the endorser himself is solvent and did not procure the payment. . . ."

As to the second element, this Court agrees with Plaintiff's contention that the transfer was made "for or on account of an antecedent debt owed by the debtor before such transfer was made". It is obvious that the security agreement of January 22, 1981, was made on account of the debt incurred on June 20, 1980.

The third element of a preferential transfer requires that the transfer be "made while the debtor was insolvent". In this regard Plaintiff relies heavily on § 547(f) which states, "For the purposes of this section, the debtor is presumed to have been

insolvent on and during the 90 days immediately preceding the date of the filing of the petition." In connection with this presumption Plaintiff contends that the transfer was made "on or within 90 days before the date of the filing of the petition" as provided by § 547(b)(4)(A), which constitutes the fourth element of a preferential transfer when the transfer does not involve an insider.

■ Plaintiff maintains that the transfer was made within 90 days of the filing of the petition because the transfer was perfected on January 26, 1981—87 days before the petition's filing date. 11 U.S.C. § 547(e) provides in part:

"(e)(1) For the purposes of this section—

\* \* \* \* \* \*

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; and

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred."

As to the above quoted subsection (e), 9A Am.Jur.2d, Bankruptcy § 542 contains the following comment:

". . . Before it can be determined when the transfer was 'made' it is necessary to determine when a transfer is deemed to be 'perfected.' . . . A transfer of . . . property other than real property is 'perfected' when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

"It is with these rules established that the Bankruptcy Code provides when a transfer is 'made.' If the transfer was perfected at, or within 10 days after, the time that the transfer took effect between the transferor and the transferee, then the transfer was 'made' at the time it took effect. If the transfer, however, was not perfected until after 10 days, then the transfer was 'made' at the time it was perfected. . . ."

In the instant case, the security interest was perfected on January 26, 1981—well within 10 days of the making of the security agreement on January 22, 1981. It must therefore be concluded that the transfer was 'made' on January 22, 1981—91 days before the petition was filed and thus one day prior to the 90-day period of insolvency presumption.

This conclusion, however, does not necessarily negate the possibility of a preferential transfer. As stated previously, the real beneficiaries of this transfer were the debtor's guarantors who were thereby released from their obligations. It is also true that these guarantors were corporate officers of the debtor. Under 11 U.S.C. § 101(25), corporate officers are deemed "insiders" of a debtor corporation, and, § 547(b)(4)(B) allows avoidance of a preferential transfer for the benefit of a creditor made between 90 days and one year before the petition's filing date where the creditor was an insider who had reasonable cause to believe that the debtor was insolvent at the time of the transfer.

■ If this line of reasoning is applied then it might very well be found that a voidable preferential transfer did in fact occur when the security agreement was made. Nevertheless, this Court does not feel that it can properly make such a find-

ing due to the fact that these guarantors, whose rights would be substantially affected, were not made a party to these proceedings.

Moreover, this Court does not believe that a determination of whether or not a voidable preference occurred is required to dispose of the matter before it. Assuming, for the sake of argument *without so ruling*, that a preferential transfer did occur, we would then be faced with the issue of whether, and if so from whom, recovery should be allowed.

11 U.S.C. § 550 "prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." See House Report 95–595, 95th Cong., 1st Sess. (1977), p. 375, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6331. That section provides in pertinent part:

"(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

"(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

"(c) The trustee is entitled to only a single satisfaction under subsection (a) of this section."

As to the application of § 550, 4 *Collier on Bankruptcy* § 550.02 (15th Ed. 1981) contains the following comment:

"The trustee can theoretically recover from both the initial transferee and any secondary transferee of the debtor, as well as from any entity for whose benefit the transfer was made, but his right to do so is limited by sections 550(b) and (c). Of course, the trustee is still entitled only to one satisfaction under section 550(c). . . . In some circumstances, a literal application of section 550(a) would permit the trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should exercise its discretion to use its equitable powers under section 105(a) and 28 U.S.C. § 1481 to prevent an inequitable result. For example . . . *if a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to preferentially benefit an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected.* Otherwise a creditor who does not demand a guarantor can be better off than one who does." (Emphasis added.)

The instant case is precisely that as given in Collier's example. Furthermore, this Court agrees with Collier's treatment thereof and reaches the same equitable result. Therefore, this Court concludes that even if a preferential transfer did occur, no recovery should be had against the defendant Republic Bank.

*Conclusion*

In consideration of the foregoing findings of fact and conclusions of law, this Court makes no ruling as to whether a preferential transfer resulted from the debtor's transfer of certain security interests to Republic Bank in exchange for the bank's release of the debtor's guarantors. This Court does, however, find that even if such were the case, no recovery should be allowed from the Republic Bank.

Furthermore, this Court has been advised that certain funds have been paid into the Oklahoma District Court at Cleveland County, Oklahoma, as a result of Plaintiff's

**132**

original state court garnishment action against the bank and are being held pending the outcome of that case. It is this Court's opinion that these funds, less statutory poundage, should be returned to the Defendant Republic Bank.

IT IS SO ORDERED.