**In re COVE PATIO CORP., Debtor.**

**Daniel L. BAKST, Trustee, Plaintiff,**

**v.**

**Henry W. & Barbara J. SCHILLING and Mary Child's Corp., Defendants.**

Bankruptcy No. 81–02152–BKC–TCB.

Adv. No. 82–0170–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

April 23, 1982.

Margaret Cangilos, Miami, Fla., for trustee.

Raymond B. Ray, Fort Lauderdale, Fla., for Mary Child's Corp.

**ORDER DISMISSING COMPLAINT AS TO MARY CHILD'S CORP.**

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee's complaint seeks the avoidance under 11 U.S.C. § 547(b) of a preferential transfer made by the debtor in July,

1981, to Mary Child's Corp., in the amount of $28,000.

This bankruptcy case was filed on December 28, 1981, clearly more than 90 days after the alleged transfer and the corporation is admittedly not an insider within the purview of § 547(b)(4)(B). Therefore, the transfer to Mary Child's Corp. is not avoidable under § 547. The trustee readily concedes this point.

The trustee has alleged that the transfer was made to the corporation by the debtor for the benefit of the defendants, H. W. Schilling, Jr., and his wife, Barbara Schilling, who are alleged to have been insiders. The trustee can, therefore, attempt recovery of the preference from the Schillings if he can prove his allegations.

The trustee, concerned as to his ability to effect recovery from the Schillings, has joined Mary Child's Corp. as a defendant and seeks recovery from the corporation under § 550(a)(1), which provides that:

"... to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) *the initial transferee of such transfer* or the entity for whose benefit such transfer was made."

There is no allegation nor suggestion that Mary Child's Corp. was anything other than a good faith transferee. The corporation was not acting in concert with the Schillings, but it was, literally, "the initial transferee of such transfer".

The trustee urges that the quoted provision be applied literally, without regard to the obvious purpose of the statutory provision, in such a way as to, possibly, permit the recovery of a preference which admittedly would not be recoverable under § 547. I disagree. Section 550(a)(1) was not intended to expand the trustee's right to recover preferences as provided in § 547, but was intended only to facilitate his recovery of transfers avoidable under § 547, regardless of whether the transfer was effected through a number of parties or effected indirectly for the benefit of the party who actually benefited from the preference. The foregoing conclusion is expressed in 4 *Collier on Bankruptcy* (15th ed.) ¶ 550.02 and has been approved, in the form of dicta, by at least one colleague. *In re Church Buildings and Interiors, Inc.* (Bkrtcy.W.D. Okla.1981), 14 B.R. 128, 131, 5 C.B.C.2d 74, 78.

Mary Child's Corp. has moved for dismissal of the complaint as to it. (C.P. No. 15). The motion was heard on April 20. It is granted.