### In re MERCON INDUSTRIES, INC., Debtor.

### Leonard P. GOLDBERGER, Trustee, Plaintiff,

### v.

### DAVIS JAY CORREGATED BOX CORPORATION, Charles Davis, Jay Tessler, Fidelity Bank and G.B. Goldman Paper Co., Defendants.

### FIDELITY BANK, Defendant and Third Party Plaintiff,

### v.

### Rhoda DAVID, Third Party Defendant,

### and

### Toby Tessler, Third Party Defendant.

Bankruptcy No. 81–03111G.
Adv. No. 83–2220G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 7, 1984.

As Amended June 7, 1984.

Philip A. Gasteier, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff, Leonard P. Goldberger, trustee.

Norman R. Segal, Pincus, Verlin, Hahn, Reich & Goldstein, P.C., Philadelphia, Pa., for David Jay Corrugated Box Corporation, Charles Davis and Jay Tessler, defendants, and Rhoda David and Toby Tessler, third party defendants.

Howard T. Glassman, Faith R. Greenfield, Wexler, Weisman, Forman & Shapiro, P.C., Philadelphia, Pa., for defendant and third party plaintiff, Fidelity Bank.

Alan C. Gershenson, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant, G.B. Goldman Paper Company.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case at bench is whether the trustee has failed to state a cause of action to avoid a preference under 11 U.S.C. § 547(b) due to the debtor's satisfaction of a debt owed to a creditor who is not an insider when payment was made more than 90 days prior to the commencement of bankruptcy but within the one year vulnerability period for insiders. The dispute must be resolved in light of the trustee's contention that the longer one year avoidance period should apply to the noninsider since the debt is guaranteed by insiders. The question is presented on the defendant's motion for dismissal under Fed.R. Civ.P. 12(b)(6) and Bankruptcy Rule 7012. For the reasons stated herein we will deny the motion.

The facts of this case viewed in the light most favorable to the trustee are as follows:[1] An involuntary petition for relief

---

1. In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to

under chapter 7 of the Bankruptcy Code ("the Code") was filed against the debtor on August 5, 1981. At some undisclosed prior time Davis Jay Corregated Box Corporation, Jay Tressler and Charles Davis, each of whom was an insider of the debtor, guaranteed payment of a debt owed by the debtor to G.B. Goldman Paper Co. ("Goldman"). Within one year before the filing of bankruptcy the debtor paid Goldman, who is not an insider of the debtor, in excess of $107,000.00 on account of the debt.

■ Goldman moved to dismiss the complaint against it on two bases, the first of which is a challenge to this court's jurisdiction to hear an action under § 547(b) due to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), (holding that the grant of power to the Bankruptcy Courts in the Bankruptcy Act of 1978 is unconstitutional) and the Emergency Rule adopted in this district in December of 1982 upon the lapse of the Supreme Court's stay of the effect of *Marathon*. We note that the action at bench which arises under § 547(b), could not be heard in the absence of the filing of a petition under the Code and we therefore hold that we have jurisdiction to hear this action. *Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir.1983).

■ Goldman also contends that we should dismiss this action since the debtor has failed to state a cause of action under § 547(b) which is set forth below.[2] Under § 547(b)(4) the trustee may avoid certain transfers which occurred on or within 90 days of the filing of the petition although transfers to insiders may be avoidable if they occurred between 90 days and one year before the filing of the petition. Although the transfer of funds was made to *Goldman* which is not an insider, the transfer was *for the benefit* of the guarantors within the meaning of § 547(b)(1) and said transfer had the effect of releasing the guarantors from contingent liability on the debtor's obligation to Goldman. A noted commentary on the Code states that:

> [I]f a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to preferentially benefit an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected. Otherwise a creditor who does not demand a guarantor can be better off than one who does. (Footnotes omitted).

4 *Collier on Bankruptcy* ¶ 550.02, at 550–7 (15 ed. 1983) (the quoted language was taken from *Collier's* analysis of § 550 of the Code, which aids the implementation of § 547(b)). The above quotation accurately depicts the factual situation in this case, and likewise illuminates the bifurcation created by the Code between the avoidability of a transfer and the recoverability of the transferred consideration. The legislative history to § 550 supports this distinction by stating that this section "prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the

---

no relief under any statement of facts which could be proved in support of the claim. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* 12.08 (2d ed. 1982).

2. (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

   (1) to or for the benefit of a creditor;

   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

   (3) made while the debtor was insolvent;

   (4) made—

   (A) on or within 90 days before the date of the filing of the petition; or

   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

   (i) was an insider; and

   (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

   (5) that enables such creditor to receive more than such creditor would receive if—

   (A) the case were a case under chapter 7 of this title;

   (B) the transfer had not been made; and

   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

concepts of avoiding a transfer and recovering from the transferee." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 375 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 6331. As applied to the case before us, the single transfer of funds to Goldman effected two transfers [3] under the Code, due to the secondary liability of the guarantors. One transfer was from the debtor to Goldman in satisfaction of the primary indebtedness. The other was the transfer to the guarantors in satisfaction of their contingent liability. Although the second transfer is not evinced by the passage of anything other than the transfer of funds to Goldman, the effect of the transfer is manifest in the satisfaction of the guarantors contingent liability. Since the Code dictates that there are two transfers rather than one, liability of the guarantors under § 547(b) need not be predicated on a finding of an avoidable transfer to Goldman, since a finding of liability on one transfer is independent of the other, rather than derivative.

Based on § 547(b) and the distinction between the avoidance of a transfer and the recovery of it from a transferee, we conclude that Goldman is not subject to liability under § 547(b) to the extent that the debtor transferred property to it prior to the 90 day period before the commencement of bankruptcy since the trustee cannot prove element § 547(b)(4) against Goldman.[4]

In addition to the language of § 547(b) and *Collier,* § 550 supports the conclusion that the mediate transfer [5] to the insiders may be an actionable preference under § 547(b) although the immediate transfer to Goldman is not. In pertinent part § 550 is expressed below.[6] The language of § 550(a) indicates that it is not applicable in actions arising under § 547 except to the extent that a transfer has first been avoided under § 547(b). Thus, § 550(a) does not act to expand the scope of § 547(b). Since Goldman is not liable to the trustee for transfers made prior to the 90 day period, there is no apparent basis for liability under § 550(a). Conversely, since the insiders are ostensibly liable under § 547(b), they may be liable under § 550(a)(2) as mediate

**3.** The breadth of the Code's definition of a transfer, expressed below, supports the existence of two transfers: "A 'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, or disposing of or parting with property or with an interest in property, including retention of title as a security interest." 11 U.S.C. § 101(40).

**4.** Our result in this case is supported by *Bakst v. Schilling* (In Re Cove Patio Corp.), 19 B.R. 843 (Bkrtcy.S.D.Fla.1982); *Sheeley v. Church Buildings and Interiors, Inc.* (In Re Church Buildings and Interiors, Inc.), 14 B.R. 128 (Bkrtcy.W.D.Okla.1981); *Backhus v. Central Trust Co.* (In Re Duccilli Formal Wear, Inc.), 8 Bkrtcy.Ct.Dec. (CRR) 1180 (Bkrtcy.S.D.Ohio Mar. 8, 1982); *contra, Mixon v. Mid-Continent System, Inc.* (Big Three Transportation, Inc.), Bky. No. FA 80–114, Adv. No. 82–164, slip op. (Bkrtcy.W.D.Ark. Nov. 18, 1983). In *Big Three* the court found that the debtor's payment to a creditor, who was not an insider, was a preference although the payment was made more than 90 days prior to the filing of the petition but during the insider's one year vulnerability period. The court predicated its conclusion on § 550(a)(1), stating that the creditor was "an initial transferee." We have no disagreement with that court's finding that insider-guarantor received a preference but we believe that the

court's analysis was flawed since § 550(a)(1) was applied against the primary creditor although it was not liable under § 547(b). As we state below in the text, § 550 is not applicable until the trustee has successfully proven a case under one of the provisions stated therein. Although a case was successfully advanced against the insiders under § 547(b), no cause of action against the primary creditor was found.

**5.** In order to avoid confusion we note that we are discussing the mediate and immediate transfers from the debtor, while § 550(a) is one step removed in that it addresses the mediate and immediate transfers of the initial transferee.

**6.** (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee

    *     *     *     *     *     *

transferees, although Goldman, the immediate transferee, is not subject to liability.

The purpose of the drafters of the Code in subjecting guarantors to liability of the type discussed in this case is clear. Insiders, which are defined at 11 U.S.C. § 101(25), are entities who typically have a significant amount of control over the operations of the debtor. In the case at bench, Tessler, one of the insiders, was the vice president of the debtor and owned 20% of its stock. Very often the debtor is only able to obtain funds for the operation of its business if certain insiders guarantee the loan. These insiders commonly benefit in the form of increased salaries, bonuses or stock dividends, from the debtor's receipt of the funds, when the monies serve to increase the debtor's revenue. When the debtor's demise is imminent, the insiders who guaranteed the debtor's loan frequently hold enough sway with the debtor to cause it to pay off these guaranteed loans prior to the payment of other obligations. Consequently, the insiders have diverted the debtor resources to protect themselves. Upon a showing of the proper proof, these preferential transfers are avoidable to the extent they occurred within one year prior to the filing of the petition.

Having determined that Goldman is not subject to liability under § 547(b) for transfers made to it more than 90 days prior to the filing of the petition, we must nonetheless deny its motion to dismiss, since there is no evidence of record indicating whether the transfer was made to Goldman within the 90 day period or beyond it.