In re V.N. DEPRIZIO CONSTRUCTION COMPANY, Debtor.

Louis W. LEVIT, Trustee, Plaintiff,

v.

MELROSE PARK NATIONAL BANK, Defendant.

Bankruptcy Nos. 83 B 4804, 85 A 917 and 85 A 927.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 11, 1986.

See also, 52 B.R. 283.

Louis W. Levit, Levit & Mason, Ltd., Chicago, Ill., trustee.

Gregory Catrambone, Law Offices of Peter D. Giachini, Maywood, Ill., Lee M. Burkey, Jr., Asher, Pavalon, Gittler & Greenfield, Ltd., Susan A. Berkowitz, Schwartz & Freeman, M. Leslie Kite, M. Leslie Kite & Associates, P.C., Chicago, Ill., Gerard A. Brost, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Sarah J. Read, Isham, Lincoln & Beale, Chicago, Ill., for certain defendants.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter comes to be heard on the motion of Louis W. Levit, trustee of the estate of V.N. Deprizio Construction Company ("debtor"), for a declaratory judgment that payments to non-insider creditors made more than 90 days but not more than one year prior to commencement of the bankruptcy case and which benefit insider-guarantors of the underlying debts are voidable as preferential transfers pursuant to 11 U.S.C. § 547. The trustee further seeks a declaration that the amount of such transfers are recoverable from the initial transferees pursuant to 11 U.S.C. § 550, whether or not the initial transferees were insiders and regardless of whether the initial transferees knew or had reasonable cause to believe the debtor was insolvent at the time of the transfers.

The issue facing this court requires a two-step analysis due to the fact that the Bankruptcy Code bifurcates the avoidability of a transfer under section 547(b) and its recoverability under section 550(a). *In re Mercon Industries, Inc.,* 37 B.R. 549, 551 (Bankr.E.D.Pa.1984). Only if the transfers in issue are avoidable must the court then determine the trustee's right to recover the transfers.

Section 547 of the Bankruptcy Code at the time this case was filed provided in relevant part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition, or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; ...

11 U.S.C. § 547. Inasmuch as the insiders herein guaranteed, either by contract or operation of law, payment of the debtor corporation's debts, the trustee argues that these insiders, Richard N. Deprizio and Edward Deprizio, held contingent claims against the estate in the event of non-payment and are, therefore, creditors within the meaning of section 547(b) and section 101(9).[1] Further, the trustee states that the payments made to the non-insiders benefitted the insider creditors who had reasonable cause to believe the debtor was insolvent at the time of payment.

*In re Mercon Industries, Inc., supra,* 37 B.R. 549, addressed the issue presented by the instant motion. The court there held that a transfer to a non-insider creditor within one year of the filing of the bankruptcy petition on a debt guaranteed by insiders, and which had the effect of releasing the insider-guarantors from contingent liability, was not an avoidable preference under section 547(b). *Mercon* viewed the single payment to the non-insider creditor as effecting two transfers under the Bankruptcy Code due to the secondary liability of the guarantors. While holding that the transfer from the debtor to the creditor in satisfaction of the primary indebtedness was not avoidable under the provisions of section 547(b)(4), the court held that the transfer to the insider-guarantors extinguishing their contingent liability was a separate avoidable transfer under section 547(b). Thus, the trustee's recovery in that case was limited to a claim against the insider-guarantors as mediate transferees under section 550(a)(2).

 Based on the principles set forth in *Mercon,* this court holds that the payments to the creditors herein made by the debtor more than 90 days but within one year prior to the commencement of the case constitute two transfers. The transfers from the debtor to Edward J. Deprizio and Richard N. Deprizio in satisfaction of their contingent liability are avoidable pursuant to section 547(b) of the Code while the transfers to the non-insider creditors are not avoidable since the trustee cannot prove element (4) under section 547(b). Therefore, the trustee herein is limited to recovery under section 550(a) as against the insider-guarantors only.

Section 550(a) of the Code at the time this case was commenced provided as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

The trustee contends that section 547 is to be read in conjunction with section 550. As long as it appears that one or more insiders benefitted directly or indirectly from a transfer made within one year prior to bankruptcy, and the other elements of a preferential transfer are present, the trustee argues he is entitled under section 550 to effect a recovery directly from the non-insider transferee. The trustee relies for support on the decision in *In re Big Three Transp., Inc.,* 41 B.R. 16 (Bankr.W.D.Ark. 1983) which held that the unambiguous language of 11 U.S.C. § 550(a)(1) provides for the trustee's right to recover from a non-insider creditor in a situation such as the one *sub judice.*

Even were the court to find these transfers to non-insider creditors avoidable pursuant to section 547(b), the weight of authority would not recognize the right of a trustee to recover from these creditors. As stated by Collier in his treatise on bankruptcy:

---

**1.** Section 101(9) defines the term "creditor" as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9).

In some circumstances, a literal application of section 550(a) would permit the trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should use its equitable powers to prevent an inequitable result.... [I]f a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to prefer an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected. Otherwise, a creditor who does not demand a guarantor can be better off than one who does.

Other cases to consider this issue have followed a similar analysis, drawing on the bankruptcy court's equitable powers to preclude the trustee from recovering transfers from innocent creditors who were the initial transferees. *See, e.g., In re R.A. Beck Builders, Inc.*, 34 B.R. 888 (Bankr.W.D.Pa. 1983); *In re Duccilli Formal Wear, Inc.*, 24 B.R. 699, 8 BCD 1180 (Bankr.S.D.Ohio 1982); *In re Cove Patio Corp.*, 19 B.R. 843 (Bankr.S.D.Fla.1982); *In re Church Bldgs. and Interiors, Inc.*, 14 B.R. 128 (Bankr.W. D.Okla.1981). The only case to allow recovery against the innocent creditor is *In re Big Three Trans., Inc., supra*, 41 B.R. 16. The court in *Big Three* recognized the inequity of the result but nevertheless refused to deviate from a literal reading of 550(a)(1). The reasoning of *Big Three* was rejected as unsound in *In re Mercon Industries, Inc., supra*, 37 B.R. at 552 n. 4.

This court agrees with the analysis expressed by the weight of authority and concludes that where the non-insider initial transferee is a good faith transferee not acting in concert with the insider-guarantors, it would be inequitable to compel surrender of a payment made more than 90 days before filing of the case, thereby penalizing those innocent creditors who prudently obtained a guarantor for their debts. The court further concludes that section 550(a)(1) was not intended to expand the trustee's right to recover preferential transfers under section 547 but rather was intended merely to facilitate recovery of those transfers which are avoidable. *See In re Cove Patio Corp., supra,* 19 B.R. at 844. To hold otherwise would make a guarantee on a debt more of a liability than an asset.

Therefore, the Court holds that the trustee may not effect a recovery from the non-insider creditors in this case pursuant to section 550(a)(1). Rather, the trustee is limited to a recovery against the insider-guarantors alone.

SO ORDERED.