In re **ROBINSON BROTHERS DRILLING, INC.,** and **Robinson Brothers Drilling Company, Debtors.**

**Harold G. LOWREY, Chapter 11 Trustee, for the Estate of Debtors, Plaintiff,**

v.

**FIRST NATIONAL BANK OF BETHANY; Global Fluids, Inc.; Gray Tool Company; Halliburton Co.; J.D. Hodges, an individual; ITT Commercial Finance Corp.; Lor, Inc.; Manufacturers Hanover Leasing Corp.; and Ponder Fishing Tools, Inc., Defendants.**

No. CIV–88–732–P.
Bankruptcy No. 83–1962–A.
Adv. No. 86–0252.

United States District Court,
W.D. Oklahoma.

Nov. 9, 1988.

---

■■■■■■■■■■■■■■■

Gary L. Morrisey, Kenan & Peterson, Oklahoma City, Okl., for plaintiff.

Peter G. Pierce, III, Carson, Rayburn, Pierce & Mueller, Robert N. Sheets, McFall, McVay, Sheets, Lovelace & Juras, Richard J. Gore, R. Bruce Kerr, Oklahoma City, Okl., for defendants.

James Vogt, Reynolds, Ridings & Hargis, Oklahoma City, Okl., for Manufacturers Hanover Leasing Corp.; Richard Gerard, New York City, of counsel.

Doneen Douglas Jones, Fellers, Snider, Blankenship Bailey & Tippens, Oklahoma City Okl., for Halliburton Co.

Robert N. Sheets, Phillips, McFall, McVay, Sheets, Juras & Lovelace, Oklahoma City, Okl., For Gray Tool Co.

Bruce Kerr, Mahaffey & Gore, Oklahoma City, Okl., for Ponder Fishing Tools.

## MEMORANDUM DECISION AND ORDER

PHILLIPS, District Judge.

## I. HISTORY OF PROCEEDINGS

Before the Court is the appeal from the bankruptcy court's Order Granting Motion For Summary Judgment, filed January 11, 1988. Appellant Harold G. Lowrey, Chapter 11 Trustee, filed his brief on May 12, 1988. First National Bank of Bethany, et al., Appellees, filed a response on June 8, 1988, to which Appellant replied on June 27, 1988. Appellees filed a special reply brief on July 11, 1988, and a letter of additional authorities was mailed to the Court on August 31, 1988. Appellant filed a special reply brief on August 12, 1988. Oral arguments were heard by the Court on September 22, 1988.

## A. FACTS

The facts in this appeal from summary judgment are undisputed. They are:

(1) J.D. Hodges personally guaranteed payment of certain debts owed by Robinson Brothers Drilling, Inc. ("RBDI") to each Appellee.

(2) J.D. Hodges was a corporate officer and shareholder of RBDI.

(3) During the period between 90 days and one year before RBDI entered bankruptcy, RBDI made payments in partial satisfaction of RBDI's debts to Appellees.

(4) On July 25, 1983, involuntary bankruptcy petitions were filed against RBDI.

(5) None of the Appellees are insiders of RBDI within the definition of Title 11 U.S.C. § 101(30)(B).

(6) J.D. Hodges was an insider of RBDI within the definition of Title 11 U.S.C. § 101(30)(B).

Brief of Appellant at 5 (filed May 12, 1988); Answer Brief of Appellees at 1–2 (filed June 8, 1988).

## B. RELEVANT STATUTES

The statutes at issue in this case are Title 11 U.S.C. § 547(b)(1) & (b)(4)(B) and Title 11 U.S.C. § 550(a)(1). Section 547(b)(1) & (b)(4)(B) provides that the trustee in bankruptcy can avoid a transfer of money "to or for the benefit of a creditor ... made—between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider." Title 11 U.S.C. § 550(a)(1) provides that the trustee may recover from "the initial transferee of such transfer or the entity for whose benefit such transfer was made."

## C. THE BANKRUPTCY COURT'S DECISION

In its summary judgment order of January 11, 1988, the bankruptcy court ruled as follows:

[T]he Trustee, under these circumstances, cannot utilize 11 U.S.C. § 550(a) to recover payments received by defendants who hold guarantees of J.D. Hodges, an insider of debtor, outside of the 90 day period and within one year of the filing of the bankruptcy. Furthermore, the [Bankruptcy] Court finds that a reading of 11 U.S.C. § 550(a) does not indicate

that Congress explicitly intended to circumvent 11 U.S.C. § 547 by permitting recovery for transfers outside of the 90 day period and within one year from non-insider creditors. Based upon the ambiguities in 11 U.S.C. § 550, the [Bankruptcy] Court must consider the equities involved. A review of the equitable considerations and long settled credit practices involving guarantees, mitigates against permitting recovery from the non-insider creditors.

Order Granting Motion For Summary Judgment at 2.

District courts and bankruptcy judges have struggled for years with transactions involving debtors who pay preferential debts while on the brink of bankruptcy. One of the issues in this area which has received little treatment by the circuit courts is under what circumstances a transfer can be avoided and recovered when the transfer is made to a creditor which benefits a guarantor who is an insider of the debtor. The specific issue now before the Court is whether a debtor's transfer, made more than 90 days before but within one year of the filing of the bankruptcy petition, to a non-insider creditor who holds a guarantee from an insider of the debtor, constitutes an avoidable preference recoverable by the trustee from the non-insider creditor. Unlike the bankruptcy court below, this Court answers the question in the affirmative, holding that such a transaction constitutes an avoidable preference under the bankruptcy laws.

## II. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse or modify the bankruptcy court's ruling or to remand the case for further proceedings. Fed.R.Bankr.P. 8013. The Court may examine the bankruptcy court's conclusions of law *de novo*. *In re Mullet*, 817 F.2d 677, 678–79 (10th Cir.1987). A bankruptcy appeal allows the district court to make an independent determination of the bankruptcy court's conclusions when legal conclusions are drawn from undisputed evidence. *In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167, 1169 (10th Cir.1985) (citing *Colorado Springs Nat'l Bank v. United States*, 505 F.2d 1185, 1189 (10th Cir.1974)).

## III. LEGAL DISCUSSION

There are two schools of thought regarding the issue of whether a trustee can avoid and recover a transfer of money paid to non-insider creditors during the preferential period when such debt was paid for the benefit of an insider guarantor. One school, representing the minority view, advocates strict construction of the plain meaning of the statutes in question. The other school relies on the creation of a "two-transfer" theory to overcome the express language of the statutes by an equity argument.

Appellees argued below that the "two-transfer" theory applies to the circumstances of the present case. Under this theory, the first transfer is represented by the direct payment from the debtor to the Appellees. The second transfer is represented by the indirect transfer to the guarantor by virtue of the satisfaction of the guarantor's contingent liability. *See Kellogg v. Blue Quail Energy, Inc. (In re Compton)*, 831 F.2d 586, 591–95 (5th Cir. 1987), *reh'g granted*, 835 F.2d 584 (1988) (per curiam) (citing *National Bank of Newport v. National Herkimer County Bank*, 225 U.S. 178, 184, 32 S.Ct. 633, 635, 56 L.Ed. 1042 (1912); 11 U.S.C. § 101(50) (definition of transfer); and discussing *In re Mercon Indus., Inc.*, 37 B.R. 549, 552 (Bankr.E.D Pa.1984)). Appellees argue that under Section 547(b)(4)(B), only the second transfer to the guarantor, an insider, is within the preferential period and therefore avoidable; the first transfer to the Appellees is not avoidable, however, because they are not insiders. The Court finds this argument unpersuasive to overcome the express language of the statutes for the reasons developed below.

The contrary school of thought is represented by jurists who have strictly construed the statutes. The Trustee defends this minority view, and argues that a trust-

ee under Section 547(b)(1) & (b)(4)(B) can avoid a transfer of money "to *or for the benefit of* a creditor ... made—between ninety days and one year before the date of the filing of the petition, *if such creditor at the time of such transfer was an insider.*" 11 U.S.C. § 547(b)(1) & (b)(4)(B) (emphasis added).

The Trustee reasons that the guarantor (Hodges) was an insider, and that as a guarantor, he is a creditor. The Bankruptcy Code defines creditor as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A). The Trustee buttresses this argument that a guarantor is included in the definition of creditor by citing the legislative history of Title 11 U.S.C. § 101(9)(A) found in the definitional section of the Code: "A guarantor of or surety for a claim against the debtor will also be a creditor, because he will hold a contingent claim against the debtor that will become fixed when he pays the creditor whose claim he has guaranteed or insured." H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 309–10 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 22 (1978), U.S.Code Cong. & Admin.News 1978 pgs. 5787, 5808, 6266–6267 *quoted in Norton Bankr. Code Pamphlet*

1987–1988 Ed., [21]; 4 *Collier on Bankruptcy*, § 547.18 (15th ed. 1981). Thus, part one of the Trustee's argument is that under Section 547(b)(1) & (b)(4)(B) the transfer is avoidable. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 375 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6331 (avoidance/recovery bifurcation discussion).

In the second part of the Trustee's analysis, it is urged that under Section 550(a)(1) a trustee may recover from "the *initial transferee of such transfer* [i.e. Appellees] *or* the entity for whose benefit such transfer was made [i.e. guarantor Hodges]." 11 U.S.C. § 550(a)(1) (emphasis added).[1] In short, the Trustee seeks a literal interpretation of Sections 547(b)(1) & (b)(4)(B) and 550(a)(1) which, when read in conjunction with Section 101(9)(A), would clearly allow an avoidance of the transfer from the debtor to Appellees made within the preferential period. This transfer, the Trustee contends, can be recovered because it served to benefit an insider (i.e. guarantor Hodges) of the debtor. In this Court's view the intent of Congress seems clear, and cannot be circumvented by the creation of a "two-transfer" theory.

The Court notes that the Tenth Circuit has not squarely ruled on this issue.[2]

---

1. As one critic has observed:

   As hard as one searches, one is unable to uncover any material evidence in the Code or its legislative history that Congress intended paragraph 550(a)(1) to operate less than literally merely because of one of the potential defendants designated in that paragraph supplies the factual predicate for avoiding a transfer. In fact, in the original bills approved by the Senate and the House of Representatives, each version of Section 550 mandated recovery from the "initial transferee". Pitts, *Insider Guaranties and the Law of Preferences*, 55 Am.Bankr.L.J., 343, 347 (1981) (citing S. 2266, 95th Cong. 2d Sess. § 101 (1978) (proposed 11 U.S.C. § 550(a)(1); H.R. 8200, 95th Cong. 1st Sess. § 101 (1977) (proposed 11 U.S.C. § 550(a)(1))).

   "In the precursor to Section 550 proposed by the Commission on the Bankruptcy Laws of the United States, the primary target of the trustee's recovery was likewise the initial transferee." REPORT OF THE COMMISSION OF THE BANKRUPTCY LAWS OF THE UNITED STATES, H.R. Doc. No. 93–137, 93rd Cong. 1st Sess., Pt. II, at 127 (1973) (§ 4–409(a)). "In explaining this section, the Commission stated

that it 'covers all initial transferees of recoverable property, *not just those preferred.*'" *Id.* at 180 n. 2 (emphasis supplied by reporting court) *reported in In re Big Three Transp., Inc.*, 41 B.R. 16, 21 n. 1 (Bankr.W.D.Ark.1983).

2. The Fourth Circuit has accepted the "two-transfer" theory in principle, and acknowledged equity can be considered. But the compelling circumstances before that Circuit, and the principal case it cited, dealt with mere conduits of funds who initially accepted money, without consideration, and simply transferred the money to the second transferee. Thereafter, the trustees tried to recover money from these initial transferees. *In re Harbour*, 845 F.2d 1254, 1255–58 (4th Cir.1988) (holding mother of ultimate recipient accepted initial transfer and her bad faith precluded equity); *see also Katz v. First Nat'l Bank of Glen Head*, 568 F.2d 964, 969 n. 4 (2nd Cir.1977) (acknowledging broad definition of transfer), *cert. denied*, 434 U.S. 1069, 98 S.Ct. 1250, 55 L.Ed.2d 771 (1978) *cited in Kellogg v. Blue Quail Energy, Inc. (In re Compton)*, 831 F.2d at 591–94 (application of doctrine of indirect transfer used as a sword to avoid a letter of credit transfer). This Court believes

However, after the bankruptcy court's decision in the present case, the Seventh Circuit developed a hypothetical example that is foursquare with the circumstances of this case. The Seventh Circuit set forth a persuasive policy that is in alignment with the Trustee's argument in this case:

There is a related, and more nettlesome, question about the use of equitable powers under § 550(a). Genuine transferees can be caught in a time warp as a result of the special treatment of inside guarantors. Suppose Firm borrows money from Lender, with Guarantor as surety. When Firm pays off the debt, Lender is the "initial transferee" and Guarantor is an "entity for whose benefit [the] transfer was made". The payment of a debt benefits the guarantor. Each may have received a preference voidable under § 547 (and therefore recoverable under § 550). If Guarantor is a stranger to Firm, the trustee may recover only preferences within 90 days of the petition. 11 U.S.C. § 547(b)(4)(A). If Guarantor is an "insider" at the time of the transfer, the preference period lasts a year. 11 U.S.C. § 547(b)(4)(B). Section 547(b)(4) distinguishes according to the status of Guarantor, but § 550 does not. It says that if a transfer is recoverable by the trustee, it may be recovered from *either* the "initial transferee" (Lender) or the "entity for whose benefit such transfer was made" (Guarantor). This creates a situation that several courts have perceived to be "inequitable": Lender must satisfy the trustee (if Firm goes bankrupt between 91 days and a year after the preference) when Guarantor is an insider but not when Guarantor is a stranger, yet, it seems, this has nothing to do with any proper theory of Lender's liability. Most bankruptcy courts that have addressed this question conclude that "equity" will relieve Lender from a literal construction of § 550. Commentators, whose articles collect and discuss the cases, are divided. We have serious doubts both about the amount of equity in Lender's position (for Firm may have paid Lender preferentially only to assist Guarantor, the insider, and Lender is in a good position to monitor the performance of its debtor; if Firm collects from Lender, Lender may collect in turn from Guarantor, bearing the risk of Firm's insolvency it planned to bear all along) and about the propriety of judges' declining to enforce statutes that produce inequitable results. Bankruptcy statutes are not special cases. We mention the problem not to resolve it (for it is not before us) but to show that this appeal to "equity"—to deny recovery against an "initial transferee" within the statute—is different in source and scope from the way in which we have employed considerations of policy to *define* "transferee" under § 550(a)(1). Doubts about this use of equity do not imply that courts should take "transferee" for all it could be worth rather than for what a sensible policy implies it is worth.

*Bonded Fin. Serv., Inc. v. European Am. Bank,* 838 F.2d 890, 894–95 (7th Cir.1988) (dictum) (citations omitted) (emphasis in original). Admittedly, the Seventh Circuit spoke to this issue only in dictum, but this Court is persuaded to follow the Seventh Circuit's sound guidance for heeding the clear intent of Congress, as have other courts. *In re V.N. Deprizio Constr. Co.,* 86 B.R. 545 (N.D.Ill.1988) *rev'g* 58 B.R. 478 (Bankr.N.D.Ill.1986); *In re Coastal Petroleum Corp.,* 91 B.R. 35 (Bankr.N.D.Ohio 1988); *In re Big Three Transp., Inc.,* 41 B.R. 16 (Bankr.N.D.Ill.1986).

The majority view among lower courts who have decided the issue is supported by either the "two-transfer" theory discussed above, or by relying on the equitable powers of the bankruptcy court under Title 11 U.S.C. § 105 to prevent injustice, or both.[3] *See, e.g.,* note 2 above and the authorities cited therein; *In re Mercon Indus., Inc.,* 37

that the two actual transfers, and the "mere conduit" problem in those cases make them clearly distinguishable from the circumstance under review where there is only the fiction of the second transfer.

3. Although Appellees argued the "two-transfer" theory below, there is no mention of this theory in the ruling of the bankruptcy court.

B.R. 549, 552 (Bankr.E.D.Penn.1984); *Seeley v. Church Bldgs. & Interiors, Inc. (In re Church Bldgs. & Interiors, Inc.)*, 14 B.R. 128, 131 (Bankr.W.D.Okla.1981); *In re V.N. Deprizio Constr. Co.*, 58 B.R. 478, 480 (Bankr.N.D.Ill.1986), *rev'd*, 86 B.R. 545 (N.D.Ill.1988); 4 *Collier on Bankruptcy*, ¶ 550.02 (15th ed. 1983).

The stated policy reason behind developing the "two-transfer" theory is that, in effect, strict construction of the statutes prejudices informal debt reorganization practices by punishing creditors who insist on guarantors. *See, e.g.,* 4 *Collier on Bankruptcy,* ¶ 550.02. *But see In re V.N. Deprizio Constr. Co.*, 86 B.R. at 553. This reasoning overstates the issue. Only insider guarantors trigger the one-year preference avoidance mechanism of Section 547(b). Non-insider creditors with non-insider guarantors are not included in the expanded one-year preference period. Moreover, creditors still have Section 547(c) defenses available, if applicable.

In the present case the bankruptcy court followed the lower court majority view by using its equitable powers to overcome what it perceived as ambiguities in the statutes. Order Granting Motion For Summary Judgment at 2. *But see In re V.N. Deprizio Constr. Co.*, 86 B.R. at 552–53 (persuasive criticism of the equity argument).

## IV. RESOLUTION OF ISSUE ON APPEAL

It is rare that this Court substitutes its judgment for that of any of the outstanding bankruptcy judges who serve the Western District of Oklahoma. Their expertise and judgment in the field of bankruptcy is rarely subject to credible challenge. This case, however, presents a matter of pure statutory interpretation applied to undisputed facts. Moreover, other courts have addressed the issue since the bankruptcy court's decision below. This Court believes that the minority view, advocating a literal interpretation of the Bankruptcy Code as enacted by Congress, is the most persuasive and compelling, and avoids the result-oriented approach of the "two-transfer" theory.

The equitable powers of the bankruptcy court under Section 105 to avoid strict construction of the Code is limited. *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1228, 99 L.Ed.2d 428 (1988) (quoting *In re Chicago, Milwaukee, St. Paul & Pacific R.R.*, 791 F.2d 524, 528 (7th Cir.1986), *cert. denied,* 481 U.S. 1068, 107 S.Ct. 2460, 95 L.Ed.2d 869 (1987) ("the fact that a proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness, however enlightened those views may be")); *Guerin v. Weil, Gotshal & Manges*, 205 F.2d 302, 304 (2nd Cir.1953).[4]

The Court is persuaded that a transfer to a creditor for the benefit of an insider guarantor can be avoided and recovered. The mischief that the Code is attempting to correct by its plain language is the situation where a debtor is in financial trouble and contemplates paying preferential debts on the brink of bankruptcy. In that instance, one creditor is preferred over others because an insider who guaranteed the note on the debt will be contingently liable upon debtor's default.[5] Thus, under the

---

**4.** *See also Cooper Petroleum Co. v. Hart,* 379 F.2d 777 (5th Cir.1967); *In re Aerco Metals, Inc.,* 60 B.R. 77 (Bankr.N.D.Tex.1985); Nutovic, *The Bankruptcy Preference Laws: Interpreting Code Sections 547(c)(2), 550(a)(1), and 546(a)(1),* 41 BUS.LAW. 175, 186–91 (Nov.1985); and Pitts, *Insider Guaranties and the Law of Preferences,* 55 AM.BANKR.L.J. 343 (1981) (non-insider creditor is liable if there is an insider guarantor); *cf.* P. Blumberg, *The Law of Corporate Groups: Problems in Bankruptcy,* § 9.03 (1985) *discussed in Bonded Fin. Serv., Inc. v. European Am. Bank,* 838 F.2d at 894 ("liability should turn on Guarantor's solvency"); and *Norton Bankruptcy Law Adviser,* "Insider Guarantees and Preference Liability—Round Three, Article 4," Professor Boshkoff (1986–10) *cited in In re Vermont Toy Works, Inc.,* 82 B.R. 258, 326 n. 42 (Bankr.D.Vt.1987).

**5.** These insiders commonly benefit in the form of increased salaries, bonuses or stock dividends, from the debtor's receipt of the funds, when the monies serve to increase the debtor's revenue. When the debtor's demise is imminent, the insiders who guaranteed the

Code a trustee can avoid these transfers made on behalf of an insider guarantor during the more broad preferential period of 90 days to one year. With plain language, Congress developed this hard and fast rule to help prevent litigation over the issue of bad faith preferential payments by debtors. Unfortunately, this rule does not necessarily have a just result in all cases. Under the present case, for example, there is no evidence of bad faith associated with the payments by the debtor. However, because the transfer of money to Appellees serves to benefit the guarantor Hodges, who is an insider, the transfer is covered by the statutes, and is thus avoidable and recoverable.

### V. CONCLUSION

Accordingly, the bankruptcy court's Order Granting Motion For Summary Judgment is REVERSED and the case is REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

debtor's loan frequently hold enough sway with the debtor to cause it to pay off these guaranteed loans prior to the payment of other obligations. Consequently, the insiders have diverted resources to protect themselves.

*In re Mercon Indus. Inc.,* 37 B.R. at 553. For a definition of insider of a corporate debtor see Title 11 U.S.C. § 101(30)(B).