In re WESLEY INDUSTRIES, INC., Debtor.

Robert GALLOWAY, Trustee, Plaintiff,

v.

FIRST ALABAMA BANK and Jack Boykin, Defendants.

Civ. A. No. 93–0009–P–S.

United States District Court, S.D. Alabama, Southern Division.

June 29, 1993.

Robert M. Galloway, Eileen W.M. Stockham, Mobile, AL, for plaintiff.

Robert H. Allen, Mobile, AL, R. Cooper Shattuck, Tuscaloosa, AL, Robert P. Reynolds, Huntsville, AL, for defendants.

### ORDER

PITTMAN, Senior District Judge.

This action is before this court on appeal from the United States Bankruptcy Court for the Southern District of Alabama. The plaintiff filed a motion for oral argument, but this court finds that the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. *Bankruptcy Rule* 8012. Therefore, it is ORDERED, ADJUDGED, and DECREED that plaintiff's motion for oral argument is DENIED.

Plaintiff, Robert Galloway, trustee for Wesley Industries, Inc., appeals the Bankruptcy Court's denial of his request to void and recover transfers to First Alabama from the debtor's cash collateral account within one year of the filing of bankruptcy. The defendant, First Alabama Bank, cross-appeals the Bankruptcy Court's granting of the trustee's request to void and recover transfers or the proceeds of transfers made by debtor to First Alabama Bank of a real estate mortgage to property in Talladega County, Alabama, and of a security interest in machinery, equipment, furniture, fixtures, office equipment, raw materials, finished goods, work-in-process, goods in transit, licenses, distribution rights, patents, copy-

rights, trade secrets, cash and all books, records, and computer software evidencing the property in Talladega County, Alabama.

The main issue in this appeal is whether the Bankruptcy Court was correct in following the "*Deprizio* doctrine," first enunciated in the case of *Levit v. Ingersoll Rand Financial Corporation*, 874 F.2d 1186 (7th Cir. 1989). After considering the arguments of the plaintiff and the defendant, this court finds that the Bankruptcy Court was correct in following the *Deprizio* doctrine. The court notes that the only circuits that have addressed the issue have also followed *Deprizio*. *In re T.B. Westex Foods, Inc.*, 950 F.2d 1187 (5th Cir.1992); *In re C–L Cartage Co., Inc.*, 899 F.2d 1490 (6th Cir.1990); *In re Robinson Brothers Drilling, Inc.*, 97 B.R. 77 (W.D.Okla.1988), *aff'd*, 892 F.2d 850 (10th Cir.1989).

This court also finds that the Bankruptcy Court was correct in its analysis and application of §§ 547(b), (c) and § 550(a). Therefore, it is ORDERED, ADJUDGED, and DECREED that the Order of the Bankruptcy Court entered on November 20, 1992, is AFFIRMED, and the trustee's request to void and recover preferences is GRANTED as to the real estate mortgage and the security interest in the machinery, equipment, etc., and DENIED as to the transfers made from debtor's cash collateral account.

### *JUDGMENT*

Pursuant to this court's order signed on this date, it is hereby

ORDERED, ADJUDGED, and DECREED that the transfers of additional security, that is the security interest in machinery, equipment, furniture, fixtures, office equipment, raw materials, finished goods, work-in-process, goods in transit, licenses, distribution rights, patents, copyrights, trade secrets, cash and all books, records, and computer software evidencing the property and the real estate mortgage upon real property in Talladega County, Alabama, upon which the debtor's manufacturing facilities were located be and hereby are VOIDED; it is further

ORDERED, ADJUDGED, and DECREED that First Alabama Bank pay to the trustee, within 30 days of the date of this judgment, the sum of $10,000.00 representing the sale proceeds received upon the sale of certain of the debtor's machinery and equipment; it is further

ORDERED, ADJUDGED, and DECREED that First Alabama Bank cancel its lien on the debtor's machinery, equipment, furniture, fixtures, office equipment, raw materials, finished goods, work-in-process, goods in transit, licenses, distribution rights, patents, copyrights, trade secrets, cash and all books, records, and computer software evidencing the property within thirty days of the date of this judgment; it is further

ORDERED, ADJUDGED, and DECREED that First Alabama Bank transfer to the trustee within thirty days of the date of this judgment, the debtor's real property in Talladega County, Alabama, upon which the debtor's manufacturing facilities were located which was previously foreclosed on by First Alabama Bank; it is further

ORDERED, ADJUDGED, and DECREED that Trustee's request to void and recover the transfers to First Alabama Bank from the debtor's cash collateral account be and is hereby DENIED.