In re FOLAND & COMPANY, INC., Debtor.

Fred ZIMMERMAN, Trustee, Plaintiff,

v.

CONTINENTAL BANK, and Morton M. Gold, Defendants.

Bankruptcy No. 82–02780G.

Adv. No. 85–0264G.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 5, 1985.

David C. Corujo, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff/trustee, Fred Zimmerman.

Andrew D. Bershad, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Continental Bank.

Norman P. Zarwin, Philadelphia, Pa., for defendant, Morton M. Gold.

Fred Zimmerman, Pennsauken, N.J., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The predominant issue in this case is whether under 11 U.S.C. § 547(b) of the Bankruptcy Code ("the Code") the trustee may avoid an alleged preferential transfer made by the debtor in satisfaction of an obligation guaranteed by an insider. For the reasons stated herein, we conclude that the trustee has not met his burden of proving the elements set forth in § 547(b)(5) and thus the transfer may not be avoided.

The facts of this case are as follows:[1] Several creditors filed an involuntary petition for relief under chapter 7 of the Code against the debtor, a Pennsylvania corporation. Prior to the filing, Continental Bank ("Continental") lent the debtor $80,000.00 and obtained a guarantee of repayment from Morton M. Gold, who is the president and principal shareholder of the debtor, and his wife (hereinafter collectively called "Gold"). Less than one year prior to the filing of the petition, but more than ninety days prior thereto, the debtor paid Continental $40,000.00 on the debt from proceeds generated by the sale of the debtor's inventory. Since Gold had guaranteed the note, the payments by the debtor relieved the guarantors of liability to the extent of said payments. The inventory remaining from the sale was transferred by Gold from Pennsylvania to New Jersey without Continental's knowledge, at the end of 1982. This inventory was valued at $13,285.00.

■ The trustee contends that the $40,000.00 payment made by the debtor to Continental constitutes a voidable transfer, because said transfer satisfies the requirements of § 547(b)[2] of the Code. We do not agree. It is true that this court has held that where a debtor's payment within the one year vulnerability period releases an insider-guarantor from liability, and where the insider had reasonable cause to believe the debtor was insolvent at the time of the transfer, the fourth prong of § 547(b) has been met. *Marketing Resources International Corp. v. PTC Corp.*, (In Re Marketing Resources International Corp.), 41 B.R. 575, 578 (Bankr.E.D.Pa.1984); *Goldberger v. Davis Jay Corregated Box Corp.* (In Re Mercon Industries, Inc.), 37 B.R. 549, 551 (Bankr.E.D.Pa.1984). Here, however, the trustee has failed to prove the final element of a preferential transfer, which is set forth in § 547(b)(5). Under this subsection it must be proved that the transfer enabled the guarantors[3] to receive more than they would receive as creditors in a liquidation proceeding, had no transfer occurred, if they received payment to the extent entitled under the Code. A creditor

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. 11 U.S.C. § 547(b). Section 547(b) provides:
   . (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
   (i) was an insider; and
   (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
   This section was amended by the Bankruptcy Amendment and Federal Judgment Act of 1984, Pub.L. No. 98–353, July 10, 1984. Because the amendments to § 547(b) are not effective as to this case we have reproduced this provision as it existed prior to the passage of the amendments.

3. It is well-established that guarantors of loans are creditors. See *Schmitt v. Equibank* (In Re R.A. Beck Builder, Inc.), 34 B.R. 888, 892 (Bankr.W.D.Pa.1983); House Report No. 95–595, 95th Cong. 1st Sess. 309 (1977), U.S.Code Cong. & Ad.News 1978, p. 5787, 6267 (legislative history on the definition of a "creditor").

with a perfected security interest would not meet the requirements of subsection (b)(5) to the extent he was sufficiently collateralized because he would not receive more by the transfer than he would receive under the Code's distribution provisions in a liquidation proceeding.

Here, the trustee offered no evidence that Continental had not perfected its security interest in the debtor's inventory. Furthermore, the trustee offered no evidence that Continental's interest was undersecured. The guarantors of the debt to Continental, as "contingent creditors," essentially stand in the shoes of the creditor. The guarantors would receive a preference upon the debtor's transfer only if the creditors' interest was unperfected. *Kapela v. Newman,* 649 F.2d 887, 893 (1st Cir.1981). In *Kapela,* the United States Court of Appeals for the First Circuit reasoned that

> the key question when assets are transferred so as to benefit a guarantor is whether those assets would ordinarily have been available to help satisfy the claims of other (general) creditors.... [W]hen the bankrupt debtor's assets are transferred to the [creditor], the transfer creates a preference in the [guarantor], *provided that the creditor did not have a previously secured interest in those assets* (and all other "preference" conditions were met).

*Kapela v. Newman,* 649 F.2d 887 at 893 (emphasis in the original), citing *Kent-Reese Enterprises, Inc. v. Hempy,* 378 F.2d 910, 912 (9th Cir.1967). Consequently, the trustee has failed to prove his case under § 547(b).

■ The trustee has also urged us to order a turnover of the proceeds obtained from the post-petition sale of inventory in New Jersey. While Continental's security interest was initially perfected under the Uniform Commercial Code ("the UCC") of Pennsylvania, that security interest lapsed four months after the collateral was moved to New Jersey. N.J.Stat.Ann. § 12A:9–103(1)(d)(i) (West 1985 Supp.). A continuation of the security interest would have required the filing of a financing statement under New Jersey's UCC. The record is clear that Continental, having no knowledge that the inventory was transferred from Pennsylvania, failed to file in New Jersey. Continental's security interest, therefore, became unperfected four months after the collateral left Pennsylvania. The inventory and, accordingly, its proceeds, were property of the estate, and should have been surrendered to the trustee under § 521(4) [4]. Since the debtor failed to do so, § 542(a) [5] provides that an entity in control of property of the estate that the trustee may use, must turn over to the trustee that property or its value, which, in this case, is $13,285.00.

We will accordingly enter an order denying the trustee relief under § 547(b) but enter judgment on the turnover request in favor of the trustee and against Gold in the amount of $13,285.00.

---

**4.** The debtor shall—

    \*    \*    \*    \*    \*    \*

    (4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;

11 U.S.C. § 521(4).

**5.** § 542. Turnover of property to the estate

    (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).