**In re H & S TRANSPORTATION COMPANY, INCORPORATED, Debtor.**

**Bankruptcy No. 3801-02803.**
**Adv. Nos. 383-0585, 383-0586.**

United States Bankruptcy Court,
M.D. Tennessee.

Sept. 30, 1987.

C. Bennett Harrison, Jr., Cornelius & Collins, Nashville, Tenn., for H & S Transportation Co., Inc.

B. Gail Reese, Manier, Herod, Hollabaugh & Smith, Nashville, Tenn., for Brent Towing Co., Inc.

M. Taylor Harris, Jr., Gullett, Sanford, Robinson & Martin, Nashville, Tenn., for United Liberty Life Ins. Co.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

On February 17, 1987 the Bankruptcy Court for the Middle District of Tennessee held that the Trustee could recover two preferential transfers made by the debtor H & S Transportation Company, Incorporated.[1] One transfer had been made to United Liberty Life Insurance Company (United Liberty), for $149,586.98; the other transfer had been made to Brent Towing Company, Incorporated for $26,250.73. In the present action before the Court, the Trustee pursuant to Rule 7052(b) seeks to amend the findings and judgment to include prejudgment interest. Both Brent Towing Company and United Liberty oppose the motion based on the uniqueness and complexity of the case. Additionally, United Liberty has submitted its own Rule 7052(b) motion to have the Court reduce judgment against it by $50,394.15.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules. These are core proceedings. 28 U.S.C. § 157.

## I. MOTION FOR PREJUDGMENT INTEREST

■ The Court grants Trustee's motion for prejudgment interest. In so doing, this court rejects United Liberty's and Brent Towing's arguments that if a preference case is not routine, but rather unique, complex, or decided on closely balanced facts, the court should use its equitable discretion and not grant prejudgment interest. To determine prejudgment interest based on such variables as suggested by United Liberty and Brent Towing would result in the application of law in cases resolved through motions for judgment on the pleadings or summary judgment and application of equity when attorneys through intellect, expertise, eloquence and discovery skills create ingenious but successful causes of action or defenses.

1. *In re H & S Transportation Co., Inc.,* —— B.R. ——, Case No. 3801-02803, Adv.Proc. No. 383- 0585 and 383-0586.

The trustee can recover interest. As Judge Lundin in *In re Production Steel, Incorporated,* stated:

> Absent a showing of fraud or bad faith, prejudgment interest in a preference action should be awarded from the date of initial demand, or if no demand is made, from the date of commencement of the recovery action....

> Prejudgment interest is compensatory in nature and is allowed where necessary to make the prevailing parties whole. (Citation omitted.)[2]

Although the defendants are not "wrong-doers ... they should not be permitted to maintain the time value of the monies they withheld to the detriment of plaintiff's other unsecured creditors."[3]

The rate of prejudgment interest is determined in this district according to the rule set out in *In re Fulghum Construction Corporation,* Adv. No. 380–0081, slip op. (Bankr.M.D.Tenn. Jan. 7, 1985). The district court, affirming this court's adoption of the post-judgment interest rate guidelines set forth in 28 U.S.C. § 1961(a) noted that the fluctuating interest rate in our society makes it necessary that "there ... be some barometer ·by which to measure an interest rate that is fair to the owner of the property and also establishes uniformity." *In re Fulghum,* 78 B.R. 146, 154 (M.D. Tenn.1987). Therefore, the interest shall be calculated at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of demand which is October 14, 1983. The pertinent Department of the Treasury release is appended to this memorandum.

## II. UNITED LIBERTY'S COUNTERMOTION TO REDUCE JUDGMENT

 United Liberty's countermotion to amend judgment is denied because it was not timely filed. Rule 52(b) provides:

> Upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings or make additional findings and may amend the judgment accordingly.

Date of judgment was February 17, 1987. United Liberty filed its motion on March 6, 1987, clearly not within the 10–day period. In *Jetero Construction Company, Incorporated v. South Memphis Lumber Company,* 531 F.2d 1348, 1352 (1976), the Sixth Circuit held that in the interest of finality, the district court should not have considered a motion to amend judgment which was submitted 11 days after the order of judgment was entered. Although *Jetero* addresses a Rule 59(e) decision, Moore's treatise on the Federal Rules of Civil Procedure states:

> The pertinent time periods under Rule 59, which concerns new trials, are the same as the ten-day time period of Rule 52(b), and these time periods may not be enlarged.[4]

The trustee shall prepare an appropriate judgment reflecting the decision of the court.

---

**2.** *In re Production Steel, Inc.,* 60 B.R. 4, 5 (Bkrtcy.M.D.Tenn., 1986)

**3.** *Id.*

**4.** 5A J. Moore, Federal Practice, § 52.11[1] at 52–192 (2d 1986).