In the Matter of The MIDWESTERN COMPANIES, INC., Debtor.

Steven C. BLOCK, Trustee Appellant,

v.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION, Appellee.

Bankruptcy A. No. 84–01679–SW–7–DJS.
Adv. A. No. 88–0624–SW–7–DJS.
Civ. A. No. 89–5009–CV–SW–1.

United States District Court,
W.D. Missouri,
Southwestern Division.

April 18, 1989.

Steven C. Block, Kansas City, Mo., for trustee appellant.

Paul M. Hoffman of Smith, Gill, Fisher and Butts, Kansas City, Mo., Edward L. Rothenberg of Liddell, Sapp, Zivly, Hill, Houston, Tex., for defendant.

ORDER

WHIPPLE, District Judge.

Before the court is an appeal from the bankruptcy court, where an order granting summary judgment was entered on December 15, 1988. 96 B.R. 224 (Bankr.W.D.Mo. 1988). The appellant/plaintiff trustee filed his brief February 17, 1989. The appellee/defendant bank association filed its brief on March 20, 1989. The trustee filed a brief on March 29, 1989, in reply to the bank's brief. For the reasons set forth below, that judgment of the Honorable Dennis J. Stewart will be affirmed.

I. *Statement of the Case*

The significant facts here apparently are undisputed. The trustee in bankruptcy filed a complaint on September 2, 1988, seeking to recover $2,032,800 from the defendant which was transferred by the debtor to the bank. The transfer occurred more than 90 days, but less than one year, prior to when the bankruptcy petition was filed. The bank had loaned money to the debtor. The bank was not considered an "insider," within the meaning of 11 U.S.C. § 101(30)(B), of the debtor corporation. However, the guarantor for the loan was

an "insider." As a guarantor, the insider benefitted from the payment of the loan because his contingent liability was eliminated when the debt was paid.

In lieu of an answer to the complaint, the bank filed on November 4, 1988, a motion to dismiss for failure to state a claim. On December 15, 1988, the bankruptcy court entered its order to dismiss the complaint on the grounds that the bank was not an "insider" of the debtor within the meaning of 11 U.S.C. § 547(b)(4)(B). The bankruptcy court found that, inasmuch as the bank/transferee was not an insider, the transfer would not be avoided as a preference payment and the estate would not recover from the bank.

The trustee urges the transfer to be avoided so the bankruptcy estate can recover the loan payment. He argues that the payment operated as a preference for an insider (i.e., the guarantor, by relieving the insider/guarantor of liability on the debt) within a year prior to bankruptcy, and thus can be avoided. The bank argues that the Bankruptcy Code does not provide for avoiding a transfer to a non-insider more than 90 days prior to bankruptcy—regardless of whether the guarantor who benefits indirectly is an insider.

The issue on appeal is whether appellant's complaint states a claim for an avoidable preference which is recoverable from a non-insider creditor. The complaint alleges debtor transferred $2,032,800, more than 90 days but within a year of when the bankruptcy petition was filed, to a non-insider creditor who holds a guarantee from an insider of the debtor. Nevertheless, the bankruptcy court held that the complaint did not state a claim for a preference which is recoverable from the bank. In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse or modify the ruling, or to remand for further proceedings. Rule 8013, Fed.R.Bankr.P. The bankruptcy judge's findings of fact must be accepted unless they are clearly erroneous, but conclusions of law are subject to de novo review. In re Martin, 761 F.2d 472, 474 (8th Cir.1985).

## II. *Discussion*

### A. Statutes

The Bankruptcy Code statutes at issue are 11 U.S.C. §§ 101(4)(A), 101(9)(A), 101(30)(B), 547(b)(1), 547(b)(4)(A), 547(b)(4)(B), and 550(a)(1). Section 101(4)(A) defines a "claim" as a "right to payment, whether or not such a right is ... contingent." Section 101(9)(A) defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order of relief concerning the debtor." Section 101(30)(B) provides that an "insider" is one who has a relationship with the debtor corporation as a director, officer, person in control, partner, or relative of any of such persons.

Sections 547(b)(1) and 547(b)(4)(B) provide that the trustee in bankruptcy can avoid a transfer of money "to or for the benefit of a creditor ... made—between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider." Section 547(b)(4)(A) is the same, except that it sets a 90–day period for non-insiders. Section 550(a)(1) provides that the trustee may recover a transfer from the "initial transferee of such transfer or the entity for whose benefit the transfer was made."

The statutes are aimed at situations where debtors give preference to some creditors while on the verge of bankruptcy, leaving fewer assets to satisfy the remaining debts. Of course, insiders ordinarily can foresee financial trouble before non-insider/creditors. Hence, payments to insiders for a full year prior to bankruptcy may be avoided and recovered. Disbursements to non-insiders are recoverable only if they were paid during the 90 days preceding bankruptcy.

The problem in this instance is that the creditor—who received payment more than 90 days prior to bankruptcy—was not an insider, but the guarantor—who benefitted substantially from elimination of his contingent liability—was an insider. The bankruptcy court found that the creditor was the "initial transferee," as described in 11 U.S.C. § 550(a), who was not an insider

and, therefore, the payment was not an avoidable preference.

### B.   Analysis

The Bankruptcy Code bifurcates the treatment of avoidance and recovery issues concerning preferential transfers. Section 547 governs avoidability. Section 550 governs recoverability.

To ascertain avoidability, it is necessary to determine who "creditors" are because only transfers "to or for the benefit of a creditor" are avoidable. 11 U.S.C. § 547(b)(1). In this instance, clearly the bank is a creditor. However, under the broad definition of "creditor," the guarantor also is a creditor. Read together, sections 101(4)(A) and 101(9)(A) reveal that a guarantor is a creditor because he has a contingent right to payment. The right is contingent upon guarantor's payment to the lending creditor (bank) in lieu of payment by the debtor, thereby entitling the guaranteeing creditor (guarantor) to a claim against the debtor for reimbursement. *See, In the Matter of R.A. Beck Builder, Inc.*, 34 B.R. 888, 892 (Bankr.W.D. Pa.1983); *In re Big Three Transportation, Inc.*, 41 B.R. 16, 19 (Bankr.W.D.Ark.1983); *In re Foland & Co., Inc.*, 55 B.R. 593, 594 n. 3 (Bankr.E.D.Pa.1985); *In re Aerco Metals, Inc.*, 60 B.R. 77, 79 (Bankr.N.D.Tex. 1985). *Cf. Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 894 (7th Cir.1988) (dictum assuming guarantors are "creditors").

Here, a payment to the bank was both *to* a creditor (the bank) and *for the benefit of* a creditor (the insider/guarantor), even though it was a single transfer. Curiously, one court concluded that a single payment was two transfers; one to the primary creditor, and one to the guarantor. *In re Mercon Industries, Inc.*, 37 B.R. 549, 552 (Bankr.E.D.Pa.1984)   However, Section 550(a) refers to *a* transfer being recoverable from "the initial transferee ... or the entity for whose benefit *such* transfer was made...." This dichotomy demonstrates that a single transfer can be viewed differently for an initial transferee as compared to a beneficiary, such as a guarantor. Inasmuch as the benefit of the transfer in-

ured to both the bank and creditor, it should be recoverable from either beneficiary if other conditions are met.

To further ascertain avoidability, it is necessary to determine whether the transfer was a preference. As mentioned in the preceding paragraph, the initial transferee is distinguished from "the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a). A creditor which is not an insider is liable for recovery of transfers made within 90 days prior to bankruptcy. 11 U.S.C. § 547(b)(4)(A). A creditor (including a guarantor) who is an insider is liable for recovery of transfers made within one year of bankruptcy. 11 U.S.C. § 547(b)(4)(B). The conclusion here, then, is that the non-insider/bank is not liable for recovery (because the transfer occurred more than 90 days prior to bankruptcy) and the guarantor is liable for recovery (because the transfer occurred less than a year before bankruptcy.)

Several courts already have reached this conclusion. *See, In re C–L Cartage Co.*, 70 B.R. 928, 933–934 (Bankr.E.D.Tenn. 1987); *In re V.N. Deprizio Const. Co.*, 58 B.R. 478, 480–481 (Bankr.N.D.Ill.1986), *rev'd*, 86 B.R. 545 (N.D.Ill.1988); *In re Aerco Metals, Inc.*, 60 B.R. 77, 82 (Bankr. N.D.Tex.1985); *In re Mercon*, 37 B.R. 549, 553 (Bankr.E.D.Pa.1984); *In re R.A. Beck Builder, Inc.*, 34 B.R. 888, 894 (Bankr.W.D. Pa.1983); *In re Duccilli Formal Wear, Inc.*, 8 B.C.D. 1180 (Bankr.S.D.Ohio 1982); *In re Cove Patio Corp.*, 19 B.R. 843, 844 (Bankr.S.D.Fla.1982); *In re Church Buildings and Interiors, Inc.*, 14 B.R. 128, 131 (Bankr.W.D.Okla.1981), *rev'd in Lowrey v. First National Bank of Bethany, (In re Robinson Brothers Drilling, Inc.)*, 97 B.R. 77 (W.D.Okla.1988). These courts usually refer to the analysis of Section 550 provided in 4 *Collier on Bankruptcy*, § 550.02 at 550–7 (15th ed. 1983):

> In some circumstances, a literal application of section 550(a) would permit the trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should exercise its discretion to use its equitable powers under

[11 U.S.C.] section 105(a) and 28 U.S.C. § 1481 to prevent an inequitable result.... Likewise, if a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to preferentially benefit an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected. Otherwise a creditor who does not demand a guarantor can be better off than one who does.

Nevertheless, there is a sharp split on this issue among the authorities. In *In re V.N. Deprizio Constr. Co.*, 86 B.R. 545, 550–553 (N.D.Ill.1988), the court listed cases wherein recovery may be had only from an insider. Nevertheless, the court in that case disregarded its list of cases, and adopted what it called "the minority view." *Id.* at 552. The court followed *In re Big Three Transportation*, 41 B.R. 16 (Bankr. W.D.Ark.1983) in holding that Section 550(a) permitted recovery from all initial transferees. The court said the section, "read literally," compelled such a holding. Another court also claimed to be relying on a clear, unambiguous requirement:

> The language of § 550 is clear to state that recovery may be had from the initial transferee (the Bank) or from the entity for whose benefit the transfer was made (the insiders). That language is not only unambiguous but is also unconditional. To the extent avoided, the trustee may seek recovery under § 550(a)(1) against the creditor or against the insider, but is limited to a single recovery.

*In re Coastal Petroleum Corp.*, 91 B.R. 35, 38 (Bankr.N.D.Ohio 1988).

Curiously, these courts based their decision on "clear," "unambiguous" and "unconditional" language of Section 550(a)(1), and suggest a contrary finding would deviate from the statutory requirement. However, a full reading of Section 550(a) reveals that there is a condition:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547 ..., the trustee may recover, for the benefit of the estate, the property transferred ... from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made.

Upon referring to Section 547, as clearly required by Section 550(a), one finds that:

> (b) * * * [T]he trustee may avoid any transfer of property—
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

By reading the two provisions together, as Section 550 requires, the "clear," "unambiguous" and "unconditional" language provides for avoiding and recovering transfers from the initial transferee (or one for whose benefit the transfer occurred) if (1) the transfer occurred between 90 days and a year before bankruptcy and if (2) that transferee was an insider. In this instance, the initial transferee bank was not an insider, so it is not liable for avoidance and recovery. Certainly the insider/guarantor may be considered a creditor "for whose benefit the transfer occurred." Therefore, avoidance and recovery can be available as to him because (1) he is an insider and (2) the transfer occurred more than 90 days but less than a year prior to bankruptcy.

In *Deprizio, supra,* 86 B.R. at 550, the court read sections 547 and 550 together, but somehow found that the recovery period could be expanded when a debt was guaranteed by an insider. The court said:

> [E]ach of the payments Deprizio made was not only *to* a creditor (the recipient of the money) but was also *for the benefit of* a creditor (the guarantor). Section 547(b)(4)(B) expands the preference period when "such creditor" on the date of the transfer was an insider and had reasonable cause to believe the debtor was insolvent. The phrase "such creditor" refers back to subsection (b)(1)—the creditor to whom or for whose benefit the transfer occurred. Thus, when a debtor makes a payment on a debt which

has been guaranteed by an insider, the payment was made for the benefit of an insider and the expanded preference period applies.

This "expanded preference period," like the "two-transfer" fiction that surfaced in *Mercon, supra,* is not supported by the statutes. Section 547 distinguishes between insiders and non-insiders by specifying different time limits, and Section 550 permits recovery of avoidances as identified by Section 547. If the statutes were to be construed as the trustee here urges, the distinction drawn in Section 547 would be obliterated by Section 550. That is, there would be no need to distinguish between insiders and non-insiders for purposes of determining avoidability if recovery from insiders and non-insiders alike would occur anyway.

Basic statutory construction requires that statutes be construed in harmony with one another, favoring no one statute over another, except that specific statutes limit the scope of general statutes. In this instance, Section 547 is no less significant than Section 550, so the distinction drawn in the more specific Section 547 should be permitted to survive the application of Section 550. As the statutes are drawn, the time limit set for insiders cannot be applied to non-insiders in the manner urged by the trustee. *See, In re Cove Patio Corp.,* 19 B.R. 843, 845 (Bankr.S.D.Fla.1982) ("Section 550(a)(1) was not intended to expand the Trustee's right to recover preferences as provided in § 547."); *In re Mercon Industries, Inc.,* 37 B.R. 549, 552 (Bankr.E.D. Pa.1984) ("Since Goldman is not liable to the Trustee for transfers made prior to the 90[-]day period, there is no apparent basis for liability under § 550(a).")

Recognition of this statutory dovetailing also permits a transferee to seek defenses which are provided elsewhere in the Bankruptcy Code—defenses which would be precluded if recovery were available blindly under Section 550 without regard to the distinction in Section 547. For instance, a creditor could try to prove that a payment was not preferential. The creditor could attempt to show that the payment was in the ordinary course of business, under Sec-

tion 547(c)(2), and thus apart from the mischief which the preference statute seeks to prevent. *See, In re Aldridge,* 94 B.R. 589, 593 (Bankr.W.D.Mo.1988). *See also, In re Magic Circle Energy Corp.,* 64 B.R. 269, 272 (Bankr.W.D.Okla.1986); *Matter of Van Huffel Tube Corp.,* 74 B.R. 579, 588 (Bankr.N.D.Ohio 1987). The creditor might also hope to raise a defense under 11 U.S.C. § 547(c)(1) of "contemporaneous exchange of value." *See, id.* at 587–588.

### III.  *Conclusion*

■ Section 547 provides protection to non-insiders for payments made more than 90 days prior to bankruptcy, and makes non-insiders liable for payments made within 90 days. Section 547 also provides that insiders will be liable for payments made as much as a year prior to bankruptcy. If recovery is to be made under Section 550, it must be made in light of the distinction drawn by Section 547 in designating which disbursements can be avoided and who will be liable for recovery.

Consequently, a payment which occurred more than 90 days prior to bankruptcy will not be recoverable from a non-insider, even where it is payment on a debt guaranteed by an insider. However, also consistent with the statutes, such payment will be recoverable from the insider/guarantor if it is made within a year prior to bankruptcy.

Besides giving full meaning to the statutes, this decision achieves the effect intended by the Congress as manifested in the statutes. It protects non-insider creditors who receive payment more than 90 days prior to bankruptcy. It also retains liability for insiders, who presumably may be able to influence when debt payments are made and when bankruptcy is filed, for payments made within a year of bankruptcy. An insider will not be able to protect himself by causing payment of a debt he guaranteed and then delaying bankruptcy until more than 90 days later.

It is

ORDERED that the order entered by the bankruptcy court December 15, 1988,

granting appellee's motion and dismissing this action is affirmed.