In the Matter of COMPTON CORPORATION, Debtor.

Walter KELLOGG, Trustee, Plaintiff-Appellant,

v.

BLUE QUAIL ENERGY, INC., Defendant-Appellee,

and

MBank Abilene, N.A., Appellee.

No. 87–1135.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1988.

Rehearing Denied Feb. 29, 1988.

Dean Ferguson, David R. Snodgrass, Dallas, Tex., for Kellogg.

William M. Schur, Theodore Mack, Fort Worth, Tex., for Blue Quail.

J. Maxwell Tucker, Dallas, Tex., for MBank Abilene, N.A.

### ON PETITION FOR REHEARING

Before BROWN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

We grant the petition for rehearing for the narrow purpose of remanding one additional matter to the district court.

Our previous decision, *Matter of Compton Corp.*, 831 F.2d 586 (5th Cir.1987), remanded this case in order for the district court to determine the amount of interest due on the preference claim. We now hold that on remand the district court needs to make factual findings regarding the amount MBank actually foreclosed on and received from Compton Corp.'s trustee to cover the letter of credit transaction. In addition, the district court needs to determine the amount Blue Quail received from MBank under the letter of credit. The trustee states the amount paid to Blue Quail on June 22, 1982, by MBank totaled

$569,932.03, rather than $585,443.85, the face amount of the letter of credit and the amount Compton owed Blue Quail. This is a difference of $15,511.82. Whether this amount was paid to Blue Quail on another occasion by MBank under the letter of credit, whether Blue Quail and MBank reached some kind of compromise on the amount, or whether Blue Quail received this amount directly from Compton Corp. are all factual issues that need to be resolved by the district court on remand.

Overall, the amount of the preference which Blue Quail has to pay over to the trustee, prior to interest adjustments, is limited to the value of the collateral MBank actually foreclosed on to cover the letter of credit transaction. This amount represents the dimunition of the assets in Compton's estate available to the unsecured creditors. This amount in turn is to be limited by the actual amount Blue Quail received from MBank under the letter of credit transaction.

REHEARING GRANTED.

ADDITIONAL REMAND TO DISTRICT COURT.