978 F.2d 146
 23 Fed.R.Serv.3d 1067, 23 Bankr.Ct.Dec. 1032,
Bankr. L. Rep. P 74,938
 Daniel A. WILLIS; Carolyn W. Willis; Herman L. Mensing,
Jr.; Frances K. Mensing; Vincent H. Lewis; Ruby
B. Lewis; Elwood F. Hamlet; Lois D.
Hamlet, Plaintiffs-Appellees,
and
Richard L. Taylor; Mary S. Taylor; William F. Cobb;
Lillie P. Cobb; Roy B. Bass; Susan R. Bass, Plaintiffs,
v.
The CELOTEX CORPORATION, Defendant-Appellant,
and
Owens-Corning Fiberglass Corporation; Eagle-Picher
Industries, Inc.; Armstrong World Industries, Inc.; Gaf
Corporation; Keene Corporation; Standard Insulations,
Inc.; Raymark Industries, Inc.; Owens-Illinois, Inc.;
H.K. Porter Company, Inc.; Fibreboard Corporation; Crown
Cork & Seal Company, Inc.; Combustion Engineering, Inc.;
Pittsburgh Corning Corporation, Defendants.
 No. 91-1446.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 28, 1991.
Decided Oct. 22, 1992.
 
 Jeffrey Wayne Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, Fla., argued (Wendy V.E. England, on brief), for defendant-appellant.
 Brent Marcus Rosenthal, Baron & Budd, P.C., Dallas, Tex., argued (Jonathan A. Smith-George, Patten, Wornom & Watkins, Newport News, Va., on brief), for plaintiffs-appellees.
 Before RUSSELL and WILKINS, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 WILKINS, Circuit Judge:
 
 
 1
 The Celotex Corporation (Celotex) appeals an order of the district court directing The Aetna Casualty & Surety Company (Aetna) to perform as surety on a supersedeas bond posted by Celotex to secure, pending appeal, the payment of judgments entered by the district court against Celotex following a jury verdict in favor of the plaintiffs (Willis). Celotex maintains that the district court erred in permitting execution against Aetna because proceedings to enforce payment against the surety on the bond were stayed following Celotex's Chapter 11 bankruptcy filing under the automatic stay provisions of 11 U.S.C.A. § 362(a)(1), (3) (West Supp.1992) or, alternatively, under an order of the United States Bankruptcy Court for the Middle District of Florida entered in Celotex's bankruptcy proceedings pursuant to 11 U.S.C.A. § 105(a) (West Supp.1992). The extraordinary facts presented by the Celotex bankruptcy lead us to conclude that the stay of proceedings against third-party sureties to enforce payment on supersedeas bonds by the bankruptcy court was a proper exercise of its authority under § 105(a). Consequently, we vacate the order of the district court and remand for further proceedings at such time as the bankruptcy court lifts the stay.
 
 I.
 
 2
 In February 1989, the United States District Court for the Eastern District of Virginia entered amended judgments totalling $526,500 in favor of Willis and against Celotex for Willis' asbestos-related injuries. Celotex posted a supersedeas bond in the amount of $600,000, with Aetna serving as surety on the bond, to stay execution of the judgments pending Celotex's appeal.[1] See Fed.R.Civ.P. 62(d). To obtain Aetna's participation as surety, Celotex purchased certificates of deposit that it pledged to First Florida Bank, N.A. The bank then issued an irrevocable letter of credit[2] in favor of Aetna upon which Aetna could draw in the event it was required to pay on the supersedeas bond.[3]
 
 
 3
 This court affirmed the judgments against Celotex in June 1990, and our mandate issued on October 3, 1990. Nine days later Celotex and its wholly-owned subsidiary filed petitions for relief under Chapter 11 of the Bankruptcy Code, see 11 U.S.C.A. § 1101, et seq. (West 1979 & Supp.1992), in the United States Bankruptcy Court for the Middle District of Florida. On October 17, 1990, the bankruptcy court entered an order seeking to augment the automatic stay protection afforded to Celotex under § 362(a) and "precluding, among other things, judgment creditors from proceeding in various state and federal courts against supersedeas bonds" posted by Celotex without the approval of the bankruptcy court. In re Celotex Corp., 128 B.R. 478, 482 (Bankr.M.D.Fla.1991).
 
 
 4
 On October 26, 1990, Willis informed the district court that Celotex had not paid the judgments and sought to execute against Aetna as surety on the supersedeas bond. See Fed.R.Civ.P. 65.1. Relying primarily upon Mid-Jersey Nat'l Bank v. Fidelity-Mortgage Investors, 518 F.2d 640, 643-44 (3d Cir.1975), the district court determined that the supersedeas bond was not part of the Celotex bankruptcy estate over which the bankruptcy court possessed exclusive jurisdiction and, consequently, ordered the proceeds of the supersedeas bond disbursed to Willis. Celotex appeals this decision.
 
 II.
 
 5
 Celotex contends that 11 U.S.C.A. § 362(a)(1) and (3)[4] stayed proceedings against Aetna because it has an identity of interest with Celotex such that a proceeding against Aetna is, in effect, a proceeding against Celotex, see A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.), 788 F.2d 994, 999-1002 (4th Cir.), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), and because the supersedeas bond is an asset of the bankruptcy estate. These arguments lack merit.
 
 
 6
 The terms of the supersedeas bond impose a duty on Aetna separate from and independent of Celotex's duty to pay the judgments. Aetna does not hold an identity of interest with Celotex. See Washburn & Kemp, PC v. Committee of Dalkon Shield Claimants (In re A.H. Robins Co.), 846 F.2d 267, 271 (4th Cir.1988) (distinguishing Piccinin and holding that unique circumstances essential to make a § 362(a) stay effective as to a third party do not exist if outsider third party owes independent contractual duty to creditor). Proceedings against Aetna as surety on the supersedeas bond, therefore, were not stayed under § 362(a)(1).
 
 
 7
 This court has not previously addressed whether a supersedeas bond is an asset of the bankruptcy estate. While there is considerable disagreement concerning this issue, see In re Southmark Corp., 138 B.R. at 827-28; compare Mid-Jersey Nat'l Bank, 518 F.2d at 643-44 with Borman v. Raymark Indus., Inc., 946 F.2d 1031, 1032-36 (3d Cir.1991), we need not address this question. Assuming a supersedeas bond is an asset of the bankruptcy estate during the pendency of an appeal, here the appeal was decided unfavorably to Celotex and our mandate issued prior to Celotex's bankruptcy filing, thus extinguishing any interest Celotex may have had in the bond. Accordingly, proceedings against the bond were not proceedings "to obtain possession of property of the estate" and were not stayed by § 362(a)(3). 11 U.S.C.A. § 362(a)(3).
 
 III.
 
 8
 Next we consider whether the order of the bankruptcy court properly stayed execution against the surety of the supersedeas bond pursuant to 11 U.S.C.A. § 105(a). This section permits the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.A. § 105(a). We have held that a bankruptcy court may properly exercise its authority under § 105(a) to enjoin an action against a third party when the court finds " 'that failure to enjoin would effect [sic] the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through the third party.' " Piccinin, 788 F.2d at 1003 (quoting Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.), 25 B.R. 1018, 1020 (D.N.M.1982)). Additionally, the bankruptcy court may " 'enjoin a variety of proceedings ... which will have an adverse impact on the Debtor's ability to formulate a Chapter 11 plan.' " Id. (quoting Johns-Manville Corp. v. Asbestos Litigation Group (In re Johns-Manville Corp.), 40 B.R. 219, 226 (S.D.N.Y.1984)).
 
 
 9
 In support of the § 105(a) order, the bankruptcy court detailed the magnitude of the task it faced in attempting to oversee the bankruptcy proceedings, resulting from the sheer number of pending personal injury cases in which supersedeas bonds had been posted. In re Celotex Corp., 128 B.R. 478, 482-83 (Bankr.M.D.Fla.1991). As of the bankruptcy filing, over 141,000 asbestos-related personal injury actions were pending against Celotex in federal and state jurisdictions nationwide; because at least 100 such cases were then on appeal, Celotex had posted supersedeas bonds totalling nearly $70 million to stay execution of the judgments pending conclusion of the appellate processes. Id. Stressing that its power in the initial stages of the bankruptcy filing to deal with this complex litigation must be absolute, and noting that an opportunity to evaluate the underlying tort judgments secured by the supersedeas bonds to ascertain whether any portion of the judgments were voidable would be required, the bankruptcy court concluded that a race to the courthouse by those insured by supersedeas bonds would impose a burden on the reorganization process. Id. at 483-84. The court made clear, however, that once a judgment creditor had successfully completed the appellate process, the propriety of lifting the stay of proceedings against the supersedeas bonds would be reexamined. Id. at 484.[5]
 
 
 10
 While in the usual bankruptcy filing, third-party payments on a supersedeas bond securing a judgment owed by the bankrupt would not affect reorganization, Celotex's is not the usual bankruptcy. We agree with the bankruptcy court that immediate execution against sureties on the supersedeas bonds would have been detrimental to Celotex's ability to formulate a plan of reorganization. A hiatus from execution on the bonds was necessary to permit the bankruptcy court to take control of the immense litigation and to examine the underlying tort judgments to establish whether any portion of the awards was voidable. Consequently, the bankruptcy court did not act improperly in enjoining execution on supersedeas bonds posted to secure judgments against Celotex under § 105(a). Thus, we vacate the order of the district court and remand for further proceedings at such time as the bankruptcy court lifts the § 105(a) stay.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 [1]
 At oral argument we requested information concerning the structure of the financial arrangements between Celotex and Aetna. Willis subsequently moved to strike Celotex's response to our request. This motion is denied
 
 
 [2]
 This financial arrangement appears to be relatively common. See, e.g., Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 800-03 (7th Cir.1986) (Easterbrook, J., concurring); see generally Cargill, Inc. v. Sunlight Foods, Inc., 586 So.2d 366, 367-68 (Fla.Dist.Ct.App.1991)
 
 
 [3]
 If Aetna were to satisfy Willis' judgments, it could not do so with Celotex's assets because it does not hold Celotex's assets. Instead, it would compensate Willis with its own funds, then immediately draw on the irrevocable letter of credit. Section 362 would not stay Aetna from proceeding against the letter of credit. The letter of credit issued by the bank and its proceeds are not part of Celotex's bankruptcy estate, and the obligation of the bank under the irrevocable letter of credit is completely independent of any obligations between Aetna and Celotex. See Southmark Corp. v. Riddle (In re Southmark Corp.), 138 B.R. 820, 828 (Bankr.N.D.Tex.1992); Kellogg v. Blue Quail Energy, Inc. (In re Compton Corp.), 831 F.2d 586, 589-90 (1987), reh'g on other grounds, 835 F.2d 584 (5th Cir.1988); In re M.J. Sales & Distrib. Co., 25 B.R. 608, 614 (Bankr.S.D.N.Y.1982)
 
 
 [4]
 This section provides in pertinent part:
 [A] petition filed under [Chapter 11] ... operates as a stay, applicable to all entities, of--
 (1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was ... commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 ....
 (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
 11 U.S.C.A. § 362(a)(1), (3).
 
 
 [5]
 Because Willis has already successfully completed the appellate process, we assume that once the bankruptcy court has had an opportunity to evaluate whether any portion of Willis' judgment is voidable, it will lift the stay