In re QUALITY TAKES TIME, INC., Debtor.

Samuel K. CROCKER, Trustee, Plaintiff,

v.

THIRD NATIONAL BANK IN NASH-VILLE, Defendant/Third Party Plaintiff,

v.

Donna VRADENBURG, Third Party Defendant.

Bankruptcy No. 387–04092.
Adv. No. 388–0017.

United States Bankruptcy Court, M.D. Tennessee.

March 1, 1989.

Kevin J. Jones, Loewenstein, Ziegler & Buffaloe, Nashville, Tenn., for debtor.

Crocker & DeSha, Nashville, Tenn., for plaintiff/trustee.

David T. Axford, Nashville, Tenn., for defendant/third party plaintiff.

William Lamar Newport, Nashville, Tenn., for third party defendant.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter comes before the court on a motion by Third National Bank to reconsider this court's order of December 7, 1988 and on a motion by third party defendant Donna Vradenburg to alter or amend the order of December 7, 1988, 93 B.R. 603. For the reasons stated herein, third party plaintiff Third National Bank in Nashville's motion for reconsideration is granted and in reconsideration its motion for summary judgment is granted. Defendant's Vradenburg's motion to alter or amend is denied.

This matter came before the court on cross motions for summary judgment between third party plaintiff Third National and third party defendant Donna Vradenburg. Both sought summary judgment on Third National's third party claim.

Vradenburg was the president and sole shareholder of Quality Takes Time ("QTT") prior to it being placed into involuntary bankruptcy on July 31, 1987. Vradenburg had given Third National Bank a guaranty for the debts of QTT. Most of those debts were paid by Vradenburg out of her personal assets. However, on May 18, 1987 $23,000 of the debt was paid by QTT to Third National Bank. That $23,000 is the subject of the underlying preference action.

After Third National Bank had received all of the payments for the obligation owed to it by QTT, it returned additional personal assets to Vradenburg that Vradenburg had given Third National Bank to secure the loans. After the involuntary petition was filed and before the order for relief was issued, Vradenburg asked for the return of the guaranty. On August 20, 1988 Third National Bank returned the guaranty to Vradenburg with a letter signed by Kathy Rolfe, assistant vice president in which Ms. Rolfe said, "I believe this now completely closes are collateral account."

The guaranty document states that the guarantor will provide an unconditional and continuing guaranty of all debts of the borrower QTT. The guaranty also indicates that the guaranty will only be released in writing by the bank.

Vradenburg argues that the guaranty was released or abandoned by the letter signed by Ms. Rolfe. Therefore the bank can no longer rely on the guaranty as a basis for recovery from Vradenburg.

Third National argues that if the $23,000 payment is determined to be a preference that may be avoided by the trustee then the guarantor should still be liable on the guaranty. Third National cites as authority for this proposition *Second National Bank v. Prewett*, 117 Tenn. 1, 96 S.W. 334 (1906). In that case the bank had accepted a payment from an insolvent debtor which was recovered as a preference in bankrupt-

cy. The bank then sought to recover from the accommodation maker on the note.

The court held that the bank could recover from the accommodation maker because it accepted the payment in good faith and was legally obligated to accept the payment or lose its right to claim against the accommodation maker. The court said that this ruling should apply to accommodation makers, indorsers, and sureties. *Prewett,* 117 Tenn. at 10, 96 S.W. at 336.

Defendant Vradenburg admits that she had given a guaranty for QTT's debts and that the guaranty was still in effect when Third National accepted the payment at issue in the principal action. In accordance with *Prewett* she will be liable on the guaranty should the Trustee recover the payment from Third National. In the previous order, this court stated that it could not grant summary judgment in favor of Third National because two material questions of fact. (1) Whether Third National accepted the payment in good faith, and (2) Whether Third National would have lost the guaranty if it failed to accept the payment. The court is persuaded that these two points do not pose material questions of fact. Third National clearly accepted the payment in good faith. In defendant Vradenburg's answer to the third party complaint she admitted that Third National acted in the ordinary course of business in accepting the payment. Further, as a matter of law, Third National would have lost its guaranty if it failed to accept the payment. T.C.A. § 47-3-604(2). Since there is no material issues of fact remaining the motion for summary judgment should be granted in favor of Third National.

Vradenburg argues however that *Prewett* is no longer controlling since the passage of the Uniform Commercial Code. The Code however states that unless a principal of law is displaced by a particular provision of the Code that existing principal of law supplements the Code. T.C.A. § 47-1-103. Nothing in the Code displaces principal announced in the *Prewett* decision. It still appears to be good law in Tennessee.

For these reasons, Third National Bank's motion for summary judgment is granted and defendant Vradenburg's motion is denied.

IT IS, THEREFORE, SO ORDERED.