In re ROBINSON BROTHERS DRILLING, INC. and Brothers Drilling Company, Debtors.

Harold G. LOWREY, Trustee, Appellee,

v.

MANUFACTURERS HANOVER LEASING CORP., Appellant,

and

Global Fluids, Inc.; ABB Vecto–Gray, Inc., formerly known as Gray Tool Company; First National Bank of Bethany, Oklahoma; Halliburton Company; J.D. Hodges; ITT Commercial Finance Corporation; Lor, Inc.; Ponder Fishing Tools, Inc., Creditors.

No. 93–6016.

United States Court of Appeals, Tenth Circuit.

Sept. 28, 1993.

James Vogt, of Reynolds, Ridings, Vogt & Morgan, Oklahoma City, OK and Richard Gerard, Manufacturers Hanover Leasing Corp., New York City, for appellant.

Gary L. Morrissey, Oklahoma City, OK, for appellee.

Before LOGAN and BRORBY, Circuit Judges, and KANE,* District Judge.

BRORBY, Circuit Judge.

We are called upon in this appeal[1] to consider the unusual suggestion that, for purposes of the preferential transfer section of the Bankruptcy Code, a comparatively minor reduction in a preferred creditor's extensive financial liabilities conferred no cognizable economic benefit on the creditor because his remaining debts still vastly overwhelmed his assets. Reasons both legal and practical lead us to reject such a view.

The Trustee brought this adversary proceeding under 11 U.S.C. §§ 547(b) and 550(a) to avoid and recover certain allegedly preferential prepetition transfers by debtors to various creditors, including appellant Manufacturers Hanover Leasing Corp. (Manufacturers). Because these payments were made more than ninety days but less than one year before the petition was filed, the Trustee relied on § 547(b)(4)(B), which permits avoidance of preferential transfers within this relatively remote time frame if the benefitting creditor was an insider. Although Manufacturers itself was an outsider, debtors' obligation to Manufacturers had been guaranteed by debtors' president, chief executive officer, and controlling shareholder, J.D. Hodges. On a prior appeal in this same proceeding, this court recognized that as guarantor of a debt on which his corporation

had made prepetition payment, Hodges could fulfill the insider-creditor requirement of the statute. See Manufacturers Hanover Leasing Corp. v. Lowrey (In re Robinson Bros. Drilling, Inc.), 892 F.2d 850 (10th Cir.1989) (adopting district court opinion, see Lowrey v. First Nat'l Bank (In re Robinson Bros. Drilling, Inc.), 97 B.R. 77 (W.D.Okla.1988), holding that § 547(b)(4)(B) permits avoidance of transfer to noninsider-creditor inuring to benefit of insider-guarantor). Other circuits have likewise found § 547(b)(4)(B) satisfied in connection with such "trilateral-preference" arrangements. See Ray v. City Bank & Trust Co. (In re C-L Cartage Co.), 899 F.2d 1490, 1494 (6th Cir.1990); Levit v. Ingersoll Rand Fin. Corp., 874 F.2d 1186, 1200-01 (7th Cir.1989).

On remand from that earlier decision, Manufacturers defended against the Trustee's adversary complaint by arguing, among other points, that: (1) Hodges' hopeless insolvency precluded him from gaining a cognizable benefit from a merely partial reduction in his liabilities; (2) even if such a benefit were theoretically possible, the actual $175,-000 reduction in Hodges' guarantor liability to Manufacturers was de minimus relative to his overall negative net worth (over $96 million) and, thus, should not be recognized as a benefit; and (3) in any event, Hodges' liability exposure was not really reduced by debtors' prepetition transfer because his guaranty provided "it shall continue to be effective, or be reinstated, as the case may be, if at any time payment [by debtors] ... is rescinded or must otherwise be restored or returned by [Manufacturers] upon [debtors'] insolvency, bankruptcy or reorganization ..., all as though such payment had not been made." Appellant's App. at 90 (bankruptcy court quoting guaranties). On appeal from the ensuing judgment entered in favor of the Trustee, Manufacturers reasserts these same three arguments.[2]

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P.

34(a); 10th Cir.R. 34.1.9. Accordingly, appellant's request for oral argument is denied and the case is ordered submitted on the briefs.

2. Manufacturers also notes its opposition to this court's prior determination that benefit to insider-guarantors can support avoidance and recovery of prepetition transfers made to outsider-

Under 11 U.S.C. § 547(g), a trustee seeking to avoid an allegedly preferential transfer under § 547(b) "has the burden of proving by a preponderance of the evidence every essential, controverted element resulting in the preference." 4 Collier on Bankruptcy ¶ 547.21[5] at 547–93 (15th ed. 1993); *see, e.g., Sloan v. Zions First Nat'l Bank (In re Castletons, Inc.)*, 990 F.2d 551, 555 (10th Cir.1993) (trustee's avoidance claim rejected because "she did not satisfy her burden of proof under § 547(b)(5)"). The bankruptcy court and district court both held that the Trustee had satisfied his burden on the controverted issue of benefit under §§ 547(b)(1), (b)(4)(B) by establishing debtors' $175,000 payment to Manufacturers on the obligation guarantied by Hodges. Reviewing the bankruptcy court's underlying factual findings for clear error and its legal conclusions de novo, *see Clark v. Valley Fed. Sav. & Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1340 (10th Cir.1992), we affirm for the reasons to follow.

The benefit requirement imposed by §§ 547(b)(1), (b)(4)(B) is clearly satisfied when an insider-creditor receives a "quantifiable monetary reduction" in his financial liability to a third party for which he would have had only the bankruptcy estate to look to for reimbursement. *See The Travelers Ins. Co. v. Cambridge Meridian Group, Inc. (In re Erin Food Servs., Inc.)*, 980 F.2d 792, 800–01 (1st Cir.1992). Thus, "[t]here can be no question that [for purposes of the preference statute] an insider-guarantor derives measurable economic benefit from a payment on the guaranteed debt, *to the extent the insider's contingent liability on the personal guaranty is reduced.*" *Id.* at 797 (emphasis in original); *see also Levit*, 874 F.2d at 1190, 1194 (reduction in debtor's obligation to creditor diminishes financial exposure of guarantor; debtor's transfer to creditor undoubtedly produces a benefit for guarantor).

Aside from Manufacturers' legal argument that the quoted text from Hodges' guaranty precluded *any* substantive reduction in his liability, which we address and

reject infra, Manufacturers does not dispute the fact that debtors' prepetition payment reduced, dollar for dollar, Hodges' liability as guarantor. Instead, Manufacturers contends that because that reduction obviously could not lift Hodges out of insolvency, he received no cognizable benefit. Manufacturers cites no pertinent authority, nor have we found any, suggesting that the otherwise undeniable economic benefit represented by an actual reduction in pecuniary liabilities somehow disappears simply because the beneficiary remains insolvent following the reduction. In practical effect, Manufacturers seeks judicial creation of a special rule exempting a whole class of (insolvent) creditor-beneficiaries from the trustee's avoidance powers. The proposed exemption runs afoul of both the spirit of § 547(b) and the counsel of common sense. Surely a creditor whose bills have been paid off—even if only in part—with a debtor's funds has been preferred over the debtor's other creditors who have thereby been denied any opportunity to satisfy their claims from those same funds. Moreover, as a benefitted creditor is the first element of a preferential transfer claim, *see* § 547(b)(1), recognition of Manufacturers' proposed rule would raise the possibility of a potentially extensive, plainly intrusive, and utterly ancillary inquiry into the personal finances of potentially benefitted creditors whenever a trustee seeks to avoid a preference. With these considerations in mind, we refuse to graft a solvency condition onto the creditor-benefit requirement plainly stated in the statute.

Even less compelling is Manufacturers' fall-back argument that, in any event, the $175,000 reduction in Hodges' guaranty liability constituted only a de minimus benefit in light of his enormous overall debt and, as such, was insufficient to trigger the protections of § 547(b). Again, Manufacturers is left to argue a position lacking the support of pertinent authority or common sense. While we do not necessarily gainsay the possibility of a prepetition transfer of property so valueless as to render the preference provision

creditors, pursuant to § 547(b)(4)(B). Recognition of such trilateral preferences now being law of the case, Manufacturers formally raises the

issue again merely as a precaution to preserve its position in anticipation of a petition for certiorari.

inapposite (though, presumably, a fruitless avoidance claim would not knowingly be pursued under the circumstances), two points undercut application of such a principle here. First, in our view, the absolute value of the six-figure cash sum in question alone should preclude its characterization as de minimus, regardless of its value relative to some other particular measure. Second, if and when a comparative evaluation might be useful in resolving a truly arguable case, a de minimus finding should not be dictated by the unique financial position of the preferred creditor, or any other entity whose idiosyncratic debt (or asset [3]) structure skews the appraisal. The value of transferred property may only be of significance—but then of real significance— to the debtor or its other, nonpreferred creditor(s). As the Trustee reminds us, "[m]aybe $175,000 is such a small amount to [Manufacturers] as to be considered a trifle, but it is anything but trifling to [debtors'] other creditors." Brief of Appellee at 7.

Finally, Manufacturers contends Hodges' liability exposure was not really reduced at all by the prepetition transfer, because under the terms of his guaranty, if the $175,000 should be returned to debtors in this avoidance proceeding, Hodges would again be liable as guarantor for that sum. The question of Hodges' benefit must be determined as of the time of the transfer, *see* 4 Collier on Bankruptcy ¶ 547.08 at 547–42 n. 4 (15th ed. 1993); *see, e.g., Taunt v. Fidelity Bank of Michigan (In re Royal Golf Prods. Corp.),* 908 F.2d 91, 95 (6th Cir.1990), when the $175,000 reduction in his liability was a present fact and any future reversal of the situation simply a contingency. To prevail on appeal, Manufacturers must therefore establish that the mere possibility of nullification renders an executed reduction in liability an illusory benefit for purposes of § 547(b). Once again, however, Manufacturers has failed to cite pertinent supporting authority for its facially uncompelling position, which we reject for a number of reasons.

■ First of all, it is a patently circular attempt to bootstrap a preferential transfer out of § 547(b)—i.e., if we accept the argument and hold that Hodges did not actually benefit from the transfer because the reduction in his guaranty liability was subject to reinstatement if the Trustee prevailed on the § 547(b) claim herein, the transfer would, as a consequence of that very holding, withstand the Trustee's challenge and thereby confirm the actuality of Hodges' original benefit. On the other hand, while the Trustee's success in this proceeding will clearly deprive Hodges of the benefit he initially derived from the prepetition transfer, it is always the case that the successful pursuit of an avoidance claim nullifies the underlying benefit discriminately bestowed by the debtor on a particular creditor. That is the purpose of a § 547(b) claim. *See Johnson v. Barnhill (In re Antweil),* 931 F.2d 689, 692 (10th Cir. 1991), *aff'd, Barnhill v. Johnson,* — U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). Furthermore, we note that Hodges' situation was not at all unique; courts have recognized, without regard to any special guaranty language, that guarantors must make good on their guaranties following avoidance of payments previously made by their principal debtors. *See, e.g., Lowrey,* 97 B.R. at 81 (quoting and following *Bonded Fin. Servs., Inc. v. European Am. Bank,* 838 F.2d 890, 894–95 (7th Cir.1988)); *Mixon v. Anderson (In re Ozark Restaurant Equip. Co.),* 816 F.2d 1222, 1223–24 nn. 4 & 6 (8th Cir.), *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *In re Quality Takes Time, Inc.,* 96 B.R. 818–20 (Bankr.M.D.Tenn. 1989). Thus, acceptance of Manufacturers' argument that the benefit requirement of § 547(b) cannot be satisfied when the preferred guarantor's reduction in liability is subject to potential reinstatement would effectively nullify the entire line of cases— including the earlier appellate decision herein—generally holding that trilateral preferences may be avoided and recovered.

---

**3.** It bears noting that Manufacturers' reasoning would also permit a creditor to escape the trustee's avoidance powers by arguing that it was already so *wealthy* that a relatively minor prepetition transfer, preferring that creditor to perhaps far less prosperous counterparts, conferred on it no appreciable benefit.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.